[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 8, 2010
JOHN LEY
CLERK

_____

No. 10-10539
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00016-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADWICK JORDAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 8, 2010)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Chadwick Jordan appeals his 51-month sentence imposed after a jury found

him guilty of possession of a firearm by a person previously convicted of a felony

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jordan requested a 51-month sentence in his sentencing memorandum and at his sentencing hearing. In his sentencing memorandum Jordan also noted that his applicable guideline range would be 51 to 63 months imprisonment, based on a total offense level of 22 and a criminal history category of III. The district court sentenced Jordan to 51 months imprisonment, the exact sentence he requested. At the sentencing hearing, the district court judge stated that he had considered the sentencing guidelines and the sentencing factors, pursuant to 18 U.S.C. § 3553(a). Jordan raised no objection before the district court to his sentence. Jordan now argues that his sentence is procedurally and substantively unreasonable. After thorough review, we affirm.

In reviewing sentences for reasonableness, we conduct a two-step inquiry. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We must first "'ensure that the district court committed no significant procedural error'" and "'then consider the substantive reasonableness of the sentence imposed.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). We look to the § 3553(a) factors to guide our substantive reasonableness review. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

Jordan argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing his 51-month sentence. Jordan conceded, however, at sentencing and in his sentencing memorandum that the guideline range the district court applied was correct. Jordan does not argue otherwise on appeal.

"[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)). When the district court imposes a sentence within the guideline range "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The district court need only make "an acknowledgment . . . that it has considered the defendant's arguments and the

factors in section 3553(a)." Talley, 431 F.3d at 786. "[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We find that the district court committed no procedural error in imposing Jordan's sentence. At the beginning of Jordan's sentencing hearing, the district court explained the guideline calculation and stated its intention to sentence Jordan to 51 months, the sentence Jordan had requested. The district court noted that it had consulted the sentencing guidelines but that it was not bound by them, pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). The district court also spoke of having reviewed letters from Jordan's friends, colleagues, and family members and considered the § 3553(a) factors and the totality of the circumstances. The district court's explanation was sufficient, especially given that the court imposed the sentence Jordan requested.

Jordan also argues that his sentence is substantively unreasonable because the circumstances of his case warranted significantly less severe punishment in light of the 18 U.S.C. § 3553 factors. Specifically, Jordan argues that the district

court failed to consider Jordan's difficult childhood and adulthood, his employment achievements, and the nature of his offense.

When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a). United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); Pugh, 515 F.3d at 1191. We ordinarily expect a sentence within the guidelines range to be reasonable. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Further, it is within the district court's discretion to weigh the § 3553(a) factors, and "'[w]e will not substitute our judgment in weighing the relevant factors.'" United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)).

We conclude that Jordan has failed to show that his sentence was substantively unreasonable. Not only is Jordan's sentence within the guideline range, it is at the bottom of the applicable range. See Talley, 431 F.3d at 788. That being the case, Jordan's sentence is considerably shorter than the ten-year statutory maximum sentence. See 18 U.S.C. § 924(a)(2). The district court calculated the guidelines, expressly considered the factors set forth in 18 U.S.C. § 3553(a), and reviewed letters of support from Jordan's friends, family and others

about his personal history and characteristics. Based on this record, and because the sentencing court gave Jordan the sentence he asked for, Jordan has failed to show that the district court committed a clear error of judgment in weighing the § 3553(a) factors.

For these reasons, we AFFIRM.