NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0231n.06

No. 12-5622

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 05, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JAMES EUBANKS, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

BEFORE:     KEITH, COLE, and ROGERS, Circuit Judges.

COLE, Circuit Judge.   James Eubanks admitted to violating the terms of his supervised release and received a twenty-four-month sentence as a result.  On appeal, Eubanks argues that the sentence is procedurally and substantively unreasonable.  We affirm.

I.

In October 2007, Eubanks pleaded guilty to possessing cocaine base with intent to distribute. *See* 21 U.S.C. § 841(a).  The district court sentenced him to twelve months and a day of imprisonment with three years of supervised release to follow.  Eubanks completed his prison sentence and began serving his supervised-release term subject to several conditions, including that he "not commit another federal, state, or local crime" and that he not "possess a firearm."  Almost a year passed without incident—at which point trouble started brewing between Eubanks and his live-in girlfriend, Erica Abrams.  Eubanks was subsequently arrested for disorderly conduct and

domestic assault after a confrontation between the two. While Eubanks did not have his supervised release revoked, his probation officer did instruct him to avoid further contact with Abrams. Eubanks responded by informing the officer that he had moved out of their shared residence and back into his mother's home. Yet, this assurance notwithstanding, it is clear that Eubanks and Abrams resumed living together.

In April 2010, Eubanks was arrested again after another confrontation with Abrams ended in her death. What had started as a shouting match quickly escalated when Abrams armed herself with a gun. During the ensuing struggle, the gun fired while in Eubanks's possession, striking and killing Abrams. Eubanks pleaded guilty in state court to second-degree murder and received a sentence of fifteen years of imprisonment, at least eighty-five percent of which must be served.

The district court then issued its own arrest warrant for Eubanks. In May 2012, the court held a supervised-release violation hearing at which Eubanks admitted to (1) committing another federal, state, or local crime; (2) possessing a firearm; (3) failing to follow his probation officer's instructions; (4) failing to notify his probation officer ten days prior to any change of residence; and (5) failing to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer. The sentencing guidelines recommended revoking his supervised release and imposing a sentence of eighteen to twenty-four months of imprisonment to be served consecutively to his state sentence. *See* U.S.S.G. § 7B1.3. The district court chose to impose a twenty-four-month consecutive sentence—the statutory maximum—with no supervised release to follow. *See* 18 U.S.C. § 3583(e)(3).

II.

Eubanks challenges the procedural and substantive reasonableness of this sentence. As a general matter, when reviewing a sentence imposed after the revocation of supervised release, we apply the same abuse-of-discretion standard as we do when reviewing a sentence imposed after conviction. *See United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009). Our initial task is to "ensure that the district court committed no significant procedural error . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). Provided the sentence is procedurally sound, our second task is to "consider the substantive reasonableness of the sentence," *id.*, the essence of which is whether the sentence is no longer than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a), *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).

A.

Eubanks argues that his sentence is procedurally unreasonable because the district court allegedly "refused to consider any alternative to a high-end guidelines sentence" and because it ultimately "gave too much weight to the nature and circumstances of [his] new conviction." We disagree.

When a defendant violates a condition of his supervised release, a district court has the discretion to impose a sentence of imprisonment after considering certain § 3553(a) factors. *See* 18 U.S.C. § 3583(e). It is inevitable that some of the specified factors will be more relevant than others, and a district court therefore need not recite all of them as if by ritual. *See United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008). At least three factors are especially relevant here: (1) the nature and circumstances of the original offense and the history and characteristics of the defendant; (2) the

need to deter criminal conduct; and (3) the guidelines policy statements. 18 U.S.C. § 3583(e). In particular, the policy statements note that a supervised-release violation should be treated as a "breach of trust," which a district court may independently sanction "while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A.; *see also United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011). The question we must answer is whether the district court abused its discretion by failing to consider these factors or by failing to justify the sentence it chose vis-a-vis alternative sentences.

The district court cleared this modest hurdle in imposing Eubanks's sentence. First, the court addressed the nature and circumstances of the original offense. It observed that Eubanks had received a sentence of "12 months and a day . . . , which [it] considered to be a pretty good sentence . . . or a fair sentence or low sentence for somebody who . . . was guilty of possession with intent to distribute crack cocaine . . . ." Second, the court addressed the history and characteristics of the defendant. It accurately placed Eubanks "in Criminal History Category III" and expressed disappointment that Eubanks did not make good on its "hope[] that he would take [the low sentence] and . . . turn his life around." Third, the court addressed the need to deter criminal conduct. It declared that the "one thing you ought to do is discourage people from engaging in this conduct while they're on supervised release, and the only way I know [how] to do it is to lock them up for as long as you can within reason, which in this case in my view is 24 months." Finally, and most significantly, the court addressed the extent to which the violation constituted a breach of trust. "When you have trust in someone, when you say I'm going to give you some kind of break, . . . here are the conditions of your supervised release, obey them, and you kill someone while you are on

supervised release," the court opined, "I can't think of anything more serious." It then explained that

a breach of trust of such magnitude warranted a sentence at the high end of the guidelines range. All

of this shows that the district court appropriately considered the relevant factors and adequately

justified its decision to impose the sentence that it did.

We are not persuaded by either of Eubanks's arguments to the contrary. He first claims that

the district court failed to consider his request for a lower sentence, *see United States v. Gapinski*,

561 F.3d 467, 474 (6th Cir. 2009), which is based entirely on his assertion that the state sentence is

long enough. But the record proves otherwise. After Eubanks pressed for a concurrent rather than

consecutive sentence, the court responded that "to suggest that he get nothing from this court for that

serious a violation, it's impossible." The court continued, "I can't [fathom] sentencing [him] to less

than 24 months consecutive to his state sentence because of the seriousness of the violation." Such

statements amount to a sufficient explanation of the court's principal reason—breach of trust—for

rejecting a lesser sentence. *See id.* ("[T]he record must reflect both that the district judge considered

the defendant's argument and that the judge explained the basis for rejecting it." (quoting *United*

*States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007))).

Eubanks next claims that the district court improperly sentenced him on the basis of the new

offense rather than the original offense. *See Johnson v. United States*, 529 U.S. 694, 700 (2000)

(noting that sentencing a defendant on the basis of a violation that arises from criminal conduct and

is the subject of a separate prosecution might place that defendant in double jeopardy). But this

simply cannot be squared with the record. The district court in fact made many statements to the

contrary: "I'm not sentencing him for killing somebody"; "I'm not sentencing for the crime"; and

"[i]t's not my business to sentence him for the crime." The court left little doubt that it meant to steer clear of improperly punishing Eubanks for a crime that had already been prosecuted in state court. Perhaps even more telling is Eubanks's inability to identify anything in the record that might give us reason to question the sincerity of the court's statements—other than the sentence itself. Because Eubanks's sentence is fully consistent with the view that a sentence imposed following a supervised-release violation is "part of the penalty for the initial offense," *see id.*, it does not suffer from a procedural defect.

B.

Eubanks also argues that his sentence is substantively unreasonable because it is too long. We disagree.

A district court has wide discretion to impose a sentence provided it is not too long under the "totality of the circumstances." *Gall*, 552 U.S. at 51. In other words, a sentence must not be "greater than necessary" to satisfy the goals set forth in 18 U.S.C. § 3553(a) as they apply to a particular defendant. *See Tristan-Madrigal*, 601 F.3d at 632-33. The sentence Eubanks received is reasonable on both counts. For one thing, the district court chose a sentence within the applicable guidelines range. A within-guidelines sentence is presumptively reasonable, *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and Eubanks brings forth nothing to rebut this presumption. For another, the district court worked its way through the relevant § 3553(a) factors and from that concluded that a twenty-four-month consecutive sentence was appropriate. This is how the sentencing decision should be made. Eubanks responds that his sentence is "greater than necessary" because he will already have served at least twelve years before the consecutive sentence begins.

While this consideration might support a lower sentence, it hardly compels one. The district court indeed disagreed on breach-of-trust grounds. In such circumstances, we must give "due deference" to the decision-making of the district court. *See Gall*, 552 U.S. at 51. Thus, Eubanks's sentence is not substantively unreasonable given the totality of the circumstances.

III.

For the foregoing reasons, we affirm.