**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0520n.06

No. 12-6222

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 23, 2013*

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| JOSHUA DUMPHORD, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  SILER, MOORE, and ROGERS, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Joshua Dumphord appeals the substantive

reasonableness of his twelve-month prison sentence, imposed after the U.S. District Court for the

Eastern District of Kentucky found that Dumphord violated the conditions of his supervised release.

Because Dumphord requested and received a within-Guidelines sentence, and because the fact of his

alcohol abuse does not alone render his term of imprisonment substantively unreasonable, we

**AFFIRM** the judgment of the district court.

**I.  FACTS AND PROCEDURE**

Dumphord completed a twenty-seven month prison sentence for distributing cocaine base

in June 2012, at which point he began a six-year term of supervised release.  On September 5, 2012,

Dumphord's probation officer petitioned the U.S. District Court for the Eastern District of Kentucky

for a warrant for Dumphord's arrest on account of multiple alleged offenses violating the conditions

of Dumphord's supervision.  R. 250 (Pet. for Warrant) (Page ID #501–02).[1]  According to the

petition, the first incident concerned Dumphord's arrest on August 25, 2012, which resulted in

charges of "Operating a Motor Vehicle Under the Influence, Operating on Suspended or Revoked

Operator's License, Fleeing or Evading 2nd Degree on Foot, and Possession of Open Alcohol

Beverage Container in a Motor Vehicle."  *Id.* at 1 (Page ID #501).  The second incident, occurring

on September 1, 2012, resulted in an arrest and charges for "Operating on Suspended or Revoked

Operator's License, Fleeing or Evading 1st Degree in a Motor Vehicle, Resisting Arrest, and Theft

by Unlawful Taking-Auto."  *Id*.

At a revocation hearing, Dumphord's probation officer, various police officers, and

Dumphord's girlfriend testified to the events of August 25, 2012, and September 1, 2012.

Dumphord's counsel contested the specifics of the testimony offered in the government's case; in

particular, he challenged the government's contention that Dumphord's fleeing-or-evading charge

from September 1, 2012, should be considered a felony rather than a misdemeanor given the facts

presented.  A misdemeanor violation of state law in this instance would constitute a Class C

violation of the conditions of supervision, *see* U.S.S.G. § 7B1.1(a)(3); given Dumphord's criminal-

history category of VI, the applicable Guidelines range would be eight to fourteen months of

imprisonment.  U.S.S.G. § 7B1.4(a).  In contrast, a felony fleeing-or-evading offense would

constitute a Class B violation, and would give rise under the circumstances to a Guidelines range of

---

[1]The petition for warrant included a third ground according to which Dumphord violated the conditions of supervision, but the district court later dismissed this ground at the probation officer's recommendation. R. 272 (Revocation Hr'g Tr. at 8) (Page ID #577).

twenty-one to twenty-seven months of imprisonment. U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). Without initially determining whether Dumphord had committed a felony or misdemeanor on September 1, 2012, the district court found that Dumphord had violated the terms of his supervised release. R. 274 (Revocation & Sent. Hr'g Tr. at 28) (Page ID #632).

During sentencing, Dumphord's counsel continued to argue that the evidence presented was insufficient to establish that Dumphord had committed a felony on September 1, 2012. Counsel stated that "all we are asking at this point in time is for the court to sentence [Dumphord] in the range of eight to fourteen months." R. 274 (Revocation & Sent. Hr'g Tr. at 37) (Page ID #641). The district court decided "to give Mr. Dumphord the benefit of the doubt and find a Grade C [misdemeanor] violation." *Id.* at 39 (Page ID #643). The district court then sentenced Dumphord to twelve months of imprisonment. *Id*. Dumphord timely appealed the sentence.

## II. SUBSTANTIVE-REASONABLENESS CLAIM

Dumphord sought, and received, a sentence within the Guidelines range of eight to fourteen months. He does not contest on appeal that his actions violated the conditions of supervision. Appellant Br. at 7. Nevertheless, Dumphord now claims that *any* term of incarceration would be substantively unreasonable. Specifically, Dumphord argues that both incidents motivating the revocation of his supervised release occurred because of his abuse of alcohol, and that incarceration would thwart the rehabilitative purpose motivating supervised release.

A district court may "revoke a term of supervised release[] and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that

3

resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). "We review for abuse of

discretion the sentence imposed by a district court upon revocation of supervised release." *United*

*States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011); *see also United States v. Bolds*, 511 F.3d 568,

578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be

reviewed under the same abuse of discretion standard that we apply to sentences imposed following

conviction."). Dumphord challenges the substantive reasonableness of his within-Guidelines

sentence. "In reviewing for substantive reasonableness, we must consider the sentence imposed in

light of 'the totality of the circumstances. . . .'" *Johnson*, 640 F.3d at 202 (quoting *Gall v. United*

*States*, 552 U.S. 38, 51 (2007)). We further "may apply a rebuttable presumption of reasonableness"

to a sentence that falls within the Guidelines range. *Id.*

Dumphord offers no support for the proposition that a defendant's struggle with alcohol

abuse alone renders a term of imprisonment unreasonable.[2] In addition, Dumphord did not mention

his alcohol usage during either the revocation or sentencing hearings as a reason to impose a lower

term of imprisonment. Instead, Dumphord's counsel sought a sentence within the Guidelines range

appropriate for a Class C violation of the conditions of supervision. *Cf. United States v. Goodman*,

519 F.3d 310, 319 (6th Cir. 2008) ("[A]n attorney cannot agree in open court with a judge's

---

[2]We note that the record does not support Dumphord's assertion that his conduct on September 1, 2012, involved alcohol. Although the government mentioned during sentencing that "both [violations] involve[d] alcohol," R. 274 (Revocation & Sent. Hr'g at 30) (Page ID #634), no evidence was produced to support this claim with respect to Dumphord's arrest on September 1, 2012. In particular, no witness testified to the presence of alcohol in the events that transpired on that date, and Dumphord was not charged with any alcohol-related crimes.

proposed course of conduct and then charge the court with error in following that course." (internal quotation marks omitted)).  Given the presumption of substantive reasonableness for a within-Guidelines sentence, we cannot conclude that the district court abused its discretion in granting Dumphord a sentence within the range sought by his counsel.

### III.  CONCLUSION

For the reasons described above, we **AFFIRM** the judgment of the district court.