NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0280n.06

No. 14-1703

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| STEVEN ARTHUR MARKLEY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: NORRIS, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. Steven Arthur Markley, a federal prisoner, appeals the sentence imposed on the revocation of his term of supervised release.

In 2010, Markley entered a guilty plea to a charge of retaliating against a federal official by threat. He was sentenced to twenty-four months of imprisonment and two years of supervised release. In 2012, his supervised release was revoked for possessing dangerous weapons, and he was sentenced to three months of imprisonment and twenty months of supervised release. In 2013, he was charged in Michigan state court with misdemeanor assault and resisting a law enforcement officer. While in jail pending trial, he assaulted three police officers. That resulted in three additional assault state-law charges being brought against Markley. The State eventually dismissed the three new charges in exchange for Markley pleading guilty to the prior two ones. He received a sentence of 275 days of imprisonment in the state case. Back in federal court, his supervised release was again revoked based on his no contest plea to having violated his release

conditions by assaulting the officers in jail. The guidelines range of imprisonment on the revocation was twelve to eighteen months. The district court sentenced Markley to sixteen months of imprisonment, with no further supervised release to follow. Markley now argues that the sentence is substantively unreasonable because he needs mental health treatment and should have received more supervised release rather than imprisonment. He also argues that the district court made no findings to justify the imposition of this sentence consecutively to his state sentence.

We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014). A sentence within the guidelines range is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Fields*, 763 F.3d 443, 455 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 392, 978, 987 (2015). Markley has failed to rebut the presumption that his within-guidelines sentence is substantively reasonable. The district court reasonably concluded that imprisonment, rather than more supervised release, was needed due to Markley's repeated failure to conform to the conditions of supervised release. The district court's reliance on the fact that Markley would be under state supervision for three years due to his state conviction, thus rendering federal supervision superfluous, and the need to protect the public and provide general and specific deterrence was also reasonable. Therefore, we find no abuse of discretion by the district court.

Where no objection is raised in the district court, the imposition of a consecutive sentence is reviewed for plain error. *See United States v. Harmon*, 607 F.3d 233, 236-38 (6th Cir. 2010). Relying on *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012), Markley argues that remand is required because the district court gave no rationale for the consecutive sentence. This case is distinguishable from *Cochrane* because the district court explained its reasoning for the

consecutive sentence, stating: "Supervision is a matter of trust between the Court and the person who is on supervised release. In my judgment, that's a different interest than the interest of the state court in protecting citizens from assault, and so therefore . . . the sentences should be consecutive." This explanation is consistent with USSG § 7B1.3(f), which recommends a consecutive sentence for revocation of supervised release. Moreover, the state sentence in this case was based on different charges than those involved in the revocation of supervised release, and Markley's state sentence had been fully served; the district court could not run his federal sentence concurrently. *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment, the terms may run concurrently or consecutively." (emphasis added)); *United States v. Fay*, 547 F.3d 1231, 1236 (10th Cir. 2008); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). No error, plain or otherwise, occurred.

Accordingly, the district court's judgment is affirmed.