**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0050n.06

Case No. 19-6466

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 26, 2021<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOHN WRIGHT, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COOK, GRIFFIN, and LARSEN, Circuit Judges.

COOK, Circuit Judge. John Wright appeals his 37-month sentence for violating the terms of his supervised release, challenging the district court's decision to run that sentence consecutive to the sentence yet to be imposed on his guilty plea to new federal drug charges. We AFFIRM.

**I.**

Years before the facts underpinning this appeal, Wright pleaded guilty to a drug-trafficking crime, for which the district court sentenced him to 84 months of imprisonment and four years of supervised release. As is typical, the supervised-release terms warned that committing criminal conduct during the term or leaving the Western District of Tennessee without permission would subject him to revocation and further punishment.

In violation of those terms, Wright found himself charged with drug offenses while on supervised release. The Drug Enforcement Administration arrested him on methamphetamine charges in the Middle District of Tennessee. Wright later pleaded guilty to those charges and on the same day admitted to the separately punishable supervised-release violations.

At the hearing to consider the appropriate sentence for Wright's supervised-release violations, Wright's counsel and the government jointly sought a sentence at the bottom of the Guidelines range (37 to 46 months' imprisonment). The court seemed inclined to impose a harsher sentence based on the drug amounts involved. But Wright's ongoing cooperation in the new criminal case, together with his efforts to "get away from bad influences" and "turn over a new leaf," moved the court toward the lighter, jointly-recommended sentence. In the end, the court sentenced Wright to the Guidelines' low end of 37 months.

The other feature of the supervised-release-violations hearing centered on the court's suggestion that the sentence it would impose would run consecutive to the anticipated sentence on Wright's new guilty plea on the methamphetamine charges. On that score, the court offered its assessment that the supervised-release violations represented a "separate . . . breach of trust," meriting its own sanction that a concurrent sentence would obviate. The court thus ordered that Wright serve the two sentences consecutively.

Wright appeals.

## II.

We review criminal sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[P]rocedural review of a sentence concerns the propriety of the factors that go into a sentence; substantive review assesses the reasonableness of the sentence that results." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020).

"[T]hese inquiries are distinct and should be analyzed separately." *United States v. Villa-Castaneda*, 755 F. App'x 511, 523 (6th Cir. 2018).

Ordinarily, we review claims of procedural and substantive unreasonableness for an abuse of discretion. *See Gall*, 552 U.S. at 51. But here, Wright complains for the first time on appeal that the district court failed to clarify its rationale for running the sentences consecutively rather than concurrently. This sort of procedural complaint ought to have been lodged at the hearing. Because Wright failed to alert the court to this procedural objection, we review it for plain error. *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020). To satisfy this stricter standard, Wright must show a clear or obvious error that affected his substantial rights, and the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Igboba*, 964 F.3d 501, 508 (6th Cir. 2020).

"Unlike objections to the procedural reasonableness of a sentence, the defendant need not object to the substantive reasonableness of a sentence in the district court in order to preserve the issue for appeal." *United States v. Elliott*, --- F. App'x ----, ----, 2020 WL 6781232, at *2 (6th Cir. Nov. 18, 2020) (quoting *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011)); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). "But plain-error review still applies to 'any arguments for leniency that the defendant does not present to the trial court.'" *United States v. Bartoli*, 728 F. App'x 424, 429 (6th Cir. 2018) (quoting *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008) (en banc)); *see also Holguin-Hernandez*, 140 S. Ct. at 768 (Alito, J., concurring) (favorably citing *Vonner*).

**III.**

Wright maintains that the district court committed plain procedural error in running his sentence consecutive to his anticipated sentence for the new federal drug charges. He also challenges the 37-month sentence as substantively unreasonable. We reject both arguments.

**A.**

Wright first claims that the district court failed to adequately explain its decision to impose a consecutive sentence. We require a sentencing court "to make generally clear the rationale under which it has imposed the consecutive sentence." *Villa-Castaneda*, 755 F. App'x at 521–22 (quoting *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012)). Here, the district court alerted Wright and his counsel at the hearing that it would impose a consecutive sentence because Wright's supervised-release violations represented a "separate . . . breach of trust," deserving a sanction distinct from the sentence to be imposed for the drug-related crimes. It repeated that rationale several times throughout the hearing, underscoring its view that Wright's "serious violations" warranted punishment independent of his sentence in the new federal drug case. The court's explanation evinces no error, much less plain error. *See, e.g.*, *United States v. Markley*, 607 F. App'x 476, 477–78 (6th Cir. 2015) (per curiam); *United States v. Eubanks*, 516 F. App'x 576, 579 (6th Cir. 2013).

Contrary to Wright's suggestion, the record also confirms that the court rightly "turned its attention" to the Sentencing Guidelines. *United States v. Massey*, 758 F. App'x 455, 467 (6th Cir. 2018) (per curiam) (quoting *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009)). The Guidelines generally recommend imposing consecutive sentences for supervised-release violations because those "constitute[] 'a breach of trust'"—echoing the district court's rationale here. *Elliott*, --- F. App'x at ----, 2020 WL 6781232, at *6 (quoting USSG Ch. 7, Pt. A,

Introduction); *see also* USSG § 7B1.3(f) (recommending that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release . . . be served consecutively to any sentence of imprisonment that the defendant is serving"). Wright complains that the court failed to mention USSG § 5G1.3. That provision, however, "does not apply to sentences imposed for violations of supervised release." *United States v. King*, 914 F.3d 1021, 1025 n.3 (6th Cir. 2019) (quoting *Cochrane*, 702 F.3d at 347 n.1). Instead, it concerns "sentences for convictions that occur while a defendant is on supervised release, not a supervised release violation itself." *Id.* (quoting *Cochrane*, 702 F.3d at 347 n.1).

Wright goes on to argue that "[i]t simply cannot be" that the district court retained discretion to impose a consecutive sentence when his other sentence had not yet been imposed. Addressing a similar question in *Setser v. United States*, the Supreme Court held that federal judges could impose a sentence consecutive to an anticipated *state* sentence. 566 U.S. 231, 244–45 (2012). In a footnote, the Court took no stance on whether such discretion extends to anticipated *federal* sentences like Wright's. *Id.* at 241 n.4 (noting that "[i]t could be argued that [18 U.S.C.] § 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is 'already' imposed").

Though this court has not addressed the issue, several other circuits have seized on *Setser*'s footnote and concluded that § 3584(a) prohibits district courts from running a sentence consecutive to an anticipated federal sentence. *See United States v. Ramon*, 958 F.3d 919, 922–23 (10th Cir. 2020); *United States v. Almonte-Reyes*, 814 F.3d 24, 28 (1st Cir. 2016); *United States v. Obey*, 790 F.3d 545, 549 (4th Cir. 2015); *United States v. Montes-Ruiz*, 745 F.3d 1286, 1291–93 (9th Cir. 2014). Wright, however, forfeited this argument by failing to invoke § 3584(a) in his opening brief. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019).

Regardless, this interesting debate matters not here, given the applicable plain-error standard of review; no "binding case law" supports Wright's preferred reading. *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th. Cir. 2015); *see Ramon*, 958 F.3d at 923–24; *Obey*, 790 F.3d at 550; *United States v. Watson*, 843 F.3d 335, 336–38 (8th Cir. 2016). We leave the interpretation of § 3584(a) to a future case because any error was not plain. *See Watson*, 843 F.3d at 338.

**B.**

Wright briefly adverts to substantive reasonableness, claiming that he should have received a lower sentence because his criminal-history category "substantially overrepresent[ed] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." (Appellant Br. at 18 (quoting USSG § 4A1.3).)[1] But Wright received exactly what he asked for: a sentence within the agreed-upon Guidelines range of 37 to 46 months' imprisonment. The district court sentenced him at the bottom of that range to boot.

Wright thus waived any challenge to the length of his sentence by "explicitly agree[ing]" to it. *United States v. Smith*, 779 F. App'x 308, 311 (6th Cir. 2019) (per curiam) (quoting *United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014)). Whether characterized as a waiver or a failure on the merits, courts repeatedly reject substantive-reasonableness challenges when the defendant received a requested sentence. *See, e.g.*, *United States v. Burton*, 802 F. App'x 896, 910 (6th Cir. 2020); *United States v. Hicks*, 596 F. App'x 373, 373, 376–77 (6th Cir. 2014); *United States v. Dumphord*, 522 F. App'x 251, 253 (6th Cir. 2013); *see also, e.g.*, *United States v. Mancera-Perez*,

---

[1] USSG § 4A1.3 speaks to the appropriateness of a departure under the Guidelines. Wright, however, never moved for a downward departure. What's more, "[w]e do not review a district court's decision declining to impose a departure, or its failure to depart to the extent requested by defendant, 'unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure.'" *United States v. Crumpton*, 814 F. App'x 964, 969 (6th Cir. 2020) (quoting *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008)). We therefore read Wright's brief as arguing that the district court "placed too much weight on some of the § 3553(a) factors and too little on others in sentencing [him]." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Plain-error review applies because Wright failed to present this argument for leniency to the district court. *See Vonner*, 516 F.3d at 392.

505 F.3d 1054, 1059 (10th Cir. 2007); *United States v. Burnes*, 423 F. App'x 671, 673 (8th Cir. 2011) (per curiam); *United States v. Jordan*, 399 F. App'x 517, 520 (11th Cir. 2010) (per curiam). We follow the same course here.

**IV.**

We AFFIRM.