# United States Court of Appeals
## For the First Circuit

Nos. 11-1242,
     11-1244,
     11-1245

UNITED STATES,

Appellee,

v.

LEONEL DAVID MALDONADO-ESCARFULLERY,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Elaine Mittleman on brief for appellant.
     Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, and Julia M.
Meconiates, Assistant United States Attorney, on brief for
appellee.

August 20, 2012

**LYNCH**, **Chief Judge**. On February 2, 2011, the district court, at a consolidated hearing, sentenced defendant Leonel David Maldonado-Escarfullery to seventy-two months' imprisonment pursuant to the defendant's guilty pleas on firearms charges in three cases. Maldonado-Escarfullery now challenges that sentence. We affirm.

Because this sentencing appeal follows a guilty plea, we draw the facts from the unchallenged portions of the presentence investigation report and the transcript of the sentencing hearing. United States v. Madera-Ortiz, 637 F.3d 26, 28 (1st Cir. 2011).

There were three criminal firearms schemes, resulting in three prosecutions. In December 2008 and January and March 2009, Maldonado-Escarfullery offered to ship firearms from Florida to an associate in Puerto Rico for sale at a profit. Maldonado-Escarfullery, who was an employee of FedEx at the time, would purchase the firearms in Florida and ship them to Puerto Rico by FedEx. On March 4, 2009, FedEx personnel in Puerto Rico discovered three packages containing firearms and contacted the local office of the Bureau of Alcohol, Tobacco, and Firearms (ATF). ATF agents then conducted a controlled delivery of the firearms to Maldonado-Escarfullery's associate, who confessed and implicated the defendant. Based on these activities, on March 25, 2009, a federal grand jury returned a four-count indictment charging Maldonado-Escarfullery with, inter alia, shipment of firearms in interstate commerce to someone other than a licensed dealer, importer,

manufacturer or collector, in violation of 18 U.S.C. § 922(e) ("Case 09-109").

In the second scheme, from August 2008 through March 2009, Maldonado-Escarfullery participated in a separate plan to ship firearms to another associate in Puerto Rico. Before March 2009, Maldonado-Escarfullery had delivered approximately five packages containing firearms to this associate; during March 2009, he delivered two more packages containing a total of fourteen firearms. On August 14, 2009, a federal grand jury returned a five-count superseding indictment charging Maldonado-Escarfullery with, inter alia, conspiracy to deal firearms in interstate commerce, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A) ("Case 09-143").

Maldonado-Escarfullery was arrested in Florida by ATF agents on April 23, 2009. He agreed to cooperate with the government, including by testifying against his coconspirators before a grand jury, and he was released on a $50,000 bond. On August 26, 2009, at a change of plea hearing, Maldonado-Escarfullery pled guilty to one count in Case 09-109 and one count in Case 09-143.

Significantly, while he was free on bond, had signed a cooperation agreement, and was awaiting sentencing, Maldonado-Escarfullery broke the law again. He shipped firearms from Florida to Puerto Rico. He was arrested in Florida in October 2010, and

-3-

his probation officer advised the court of the arrest on October 19, 2010. Maldonado-Escarfullery was transferred from Florida to Puerto Rico to appear at a show cause hearing on November 4, 2010, where his bail was revoked. On November 30, 2010, Maldonado-Escarfullery pled guilty to one count of dealing firearms in violation of 18 U.S.C. § 922(a)(1)(A) ("Case 10-447").

On February 2, 2011, the district court in Puerto Rico held a consolidated sentencing hearing in the three cases. Under the plea agreements, the government recommended sentences of 12 months and one day for Case 09-109; 30 months for Case 09-143, to run concurrently with the sentence for Case 09-109; and 57 months for Case 10-447, with no recommendation as to whether that sentence should run concurrently with the others. Maldonado-Escarfully maintained that all three sentences should run concurrently. This argument would have meant a maximum term of imprisonment of 57 months.

The court calculated the Sentencing Guidelines range by grouping the counts of conviction together, since they involved two or more acts connected by a common criminal objective or scheme. U.S.S.G. § 3D1.2(b). The court determined that the base offense level was 14, id. § 2K2.1(a)(6), then added a six-level increase for an offense involving 25 to 99 firearms, id. § 2K2.1(b)(1)(C),[1]

_____

[1] According to the transcript of the sentencing hearing, the district court judge apparently stated that he was adding a four-level increase for this factor. However, the court's other

-4-

a four-level increase for trafficking in firearms, id. § 2K2.1(b)(5), and a four-level increase for reason to believe that the firearms would be used in connection with another felony, id. § 2K2.1(b)(6). The court then subtracted three levels for acceptance of responsibility. Id. § 3E1.1(a)-(b). With an offense level of 25 and a criminal history category of I, Maldonado-Escarfullery's Guidelines range was 57 to 71 months of imprisonment. The combined statutory maximums were, of course, longer.

After considering the Guidelines range, the recommendations in the plea agreements, and the arguments of counsel, the court sentenced Maldonado-Escarfullery to 12 months and one day for Case 09-109; 15 months for Case 09-143 (less than the government recommended), to be served concurrently; and 57 months for Case 10-447, to be served consecutively, for a total term of imprisonment of 72 months. Maldonado-Escarfullery objected to the consecutive sentence. He timely appealed his sentence on February 11, 2011.

Maldonado-Escarfullery now argues that the district court's sentence was an abuse of discretion, saying the court failed to comply with 18 U.S.C. § 3584(b), which requires a court

---

calculations show that he in fact added six levels, as was proper under the November 1, 2009 edition of the Guidelines, which the judge stated he was using. Neither party objected to this apparent discrepancy during the hearing, and neither raises it as an issue on appeal.

to consider the statutory sentencing factors under 18 U.S.C. § 3553(a) when deciding whether multiple sentences of imprisonment will be served concurrently or consecutively. We evaluate Maldonado-Escarfullery's claim under an abuse of discretion standard. United States v. Carrasco-de-Jesús, 589 F.3d 22, 26 (1st Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Review of a sentence under this standard generally involves a two-step process: First, we determine whether the district court committed procedural error. Second, if there was no procedural error, we determine whether the sentence was substantively reasonable. Gall, 552 U.S. at 51. Taking defendant to allege on appeal both types of error, the claim fails.[2]

The record shows that the district court did consider the statutory sentencing factors when it imposed a consecutive sentence for Case 10-447. The court referred to section 3553(a) throughout the sentencing hearing, though not always by name. For instance, when announcing its sentence, the court stated that the defendant's

---

[2] The government argues, briefly, that the waivers of appeal in Maldonado-Escarfullery's plea agreements bar any claims here as to Cases 09-109 and 10-447, because in both of those cases the district court imposed the sentences recommended by the agreements. However, with regard to Case 10-447, the plea agreement did not make any recommendation as to whether the sentence should run concurrently or consecutively. Since the district court's imposition of a consecutive sentence in Case 10-447 is the subject of Maldonado-Escarfullery's challenge on appeal, his claim before this court falls outside the scope of the waivers of appeal. He does not challenge the number of months imposed in either case, which his waivers would have prohibited.

request of 57 months concurrent was "not sufficient under the sufficient but not greater than necessary standard" -- that is, the standard laid out in section 3553(a). The court also repeatedly emphasized the need for a consecutive sentence in Case 10-447 in light of Maldonado-Escarfullery's breach of the court's trust by committing another firearms offense while free on bond. That is a sentencing factor consideration. See 18 U.S.C. § 3553(a)(2)(A) (directing court to consider "the need . . . to promote respect for the law").

The court also carefully considered arguments from defendant's counsel regarding Maldonado-Escarfullery's cooperation with the government in apprehending other members of the conspiracy, and as a result the court granted a 15-month downward variance from the government's recommended sentence in Case 09-143. See id. § 3553(a)(1) (directing court to consider "the history . . . of the defendant"). Finally, Maldonado-Escarfullery's counsel specifically recognized that the court had considered the relevant factors, stating during his argument for reconsideration of the sentence: "Your Honor, I know that you have stated that the [sic] 3553 has been satisfied and the only way is to impose a consecutive sentence."

In the context of the entire sentencing hearing, this was more than enough. See United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010) ("Although the court did not specifically

reference the factors that the appellant now highlights, the sentencing transcript, read as a whole, evinces a sufficient weighing of the section 3553(a) factors."); Carrasco-de-Jesús, 589 F.3d at 29 ("The court's statement of its reasons for its choice of a sentence plainly takes into account the section 3553(a) factors."). The district court had an ample basis to impose a consecutive sentence for Case 10-447.

The sentence is affirmed.