**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee*,

v.

JAVIER MONTES-RUIZ,
       *Defendant-Appellant*.

</td>
<td>

No. 12-50398

D.C. No.
3:07-cr-01164-LAB-1

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
August 26, 2013—Pasadena, California

Filed March 21, 2014

Before: Ronald M. Gould and Johnnie B. Rawlinson,
Circuit Judges, and Ivan L.R. Lemelle, District Judge.[*]

Opinion by Judge Rawlinson

---

[*] The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed in part and vacated in part a criminal judgment, and remanded for resentencing, in a case in which the district court ordered a sentence, imposed upon revocation of supervised release, to run consecutively to an anticipated, but not-yet-imposed, federal sentence in a separate case.

Because the district court may impose a lesser sentence if the case is remanded, the panel rejected the government's argument that the appeal is moot.

The panel held that 18 U.S.C. § 3584 does not permit a federal sentencing court to impose a sentence to run consecutively to another federal sentence that has yet to be imposed, and that the district court is free to consider on remand all issues relevant to sentencing, including the sentence subsequently imposed in the other case.

Reviewing for plain error, the panel rejected the defendant's argument that the district court erred by sentencing him to a term of twenty-four months' incarceration for his violation of supervised release, without crediting the time he served for a prior revocation.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Devin Burstein, Warren & Burnstein, San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter, Chief, Appellate Section, Criminal Division, James P. Melendres (argued), Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

---

**OPINION**

RAWLINSON, Circuit Judge:

Javier Montes-Ruiz appeals the district court's decision to impose its sentence to run consecutively to an anticipated, but not-yet-imposed, federal sentence in a separate case. The United States (Government) counters that the appeal was rendered moot when the second sentencing court independently ordered that its sentence run consecutively to the first sentence. Montes-Ruiz also argues that the district court erred by sentencing him to a term of twenty-four months' incarceration for his violation of supervised release, without crediting the time he served for a prior revocation. We vacate and remand the first sentence imposed to ensure compliance with the provisions of 18 U.S.C. § 3584.

## I. BACKGROUND

In 2007, Montes-Ruiz pled guilty to attempted entry after a prior deportation in violation of 8 U.S.C. § 1326. His fast-track plea agreement limited supervised release to "not more than three years." During the plea colloquy, the court

informed Montes-Ruiz that he would face "up to three years of supervised release," and that any violation of a release condition could result in "custody for up to the full amount of supervised release term without any credit for time that you may have been in jail or that – the time that you were following the rules up to that point . . . . " The court imposed two special conditions of release: (1) that Montes-Ruiz not violate federal, state, or local law, and (2) that Montes-Ruiz not reenter the United States illegally. The district court sentenced Montes-Ruiz to twenty-one months in custody and three years of supervised release.

Montes-Ruiz was released from custody and deported to Mexico on October 17, 2008. Four months later, in February, 2009, Montes-Ruiz attempted to reenter the United States at the San Ysidro Port of Entry, presenting false entry documents. Two persons were concealed in the trunk of his vehicle. The court revoked Montes-Ruiz's supervised release based on this reentry violation. He was sentenced to eighteen months in custody, with eighteen months of supervised release to follow.[1] The court imposed the same special conditions as it had imposed in 2007. Montes-Ruiz was released from custody for this conviction and removed to Mexico on March 6, 2012.

Two weeks later, on March 21, 2012, Montes-Ruiz attempted to enter the United States at the San Ysidro Port of Entry, again presenting false documents. Multiple individuals were concealed in the trunk of his vehicle. This attempted reentry resulted in two parallel proceedings: (1) prosecution for a substantive violation of 8 U.S.C. § 1326

---

[1] This sentence was ordered to run consecutively to a sentence that is not at issue in this appeal.

(attempted reentry after a prior deportation), and (2) revocation of supervised release for violation of the release condition that Montes-Ruiz refrain from committing a crime. The illegal reentry and revocation cases proceeded before two different district court judges in the Southern District of California.

Judge Burns presided over the revocation proceeding. Based on Montes-Ruiz's admission, Judge Burns found Montes-Ruiz in violation of the condition that he not commit a crime. When asked whether Montes-Ruiz had been sentenced for the substantive violation of § 1326, Montes-Ruiz's counsel replied that Montes-Ruiz had pled guilty, but had not yet been sentenced. Judge Burns expressed reluctance to proceed with sentencing because he wanted to "take into consideration what sentence he [Montes-Ruiz] gets [on the § 1326 conviction] as part of the total sentence." Montes-Ruiz agreed to continue the sentencing to a later date.

At the continued sentencing hearing, Montes-Ruiz informed Judge Burns that Judge Lorenz still had not imposed a sentence for the substantive § 1326 conviction. Again, Judge Burns recommended postponing Montes-Ruiz's sentencing because the sentence in the substantive case "implicates some factors under 3553 that I cannot consider" and "ordinarily [would cause] me to temper the amount of time I put into the breach of trust." Montes-Ruiz responded that he nevertheless wished to proceed with sentencing before Judge Burns. When Judge Burns inquired about the Government's sentencing recommendation in the case pending before Judge Lorenz, Montes-Ruiz's counsel replied that the Government would be recommending twenty-four months in custody and "[he did not] expect that Judge Lorenz will give him less than that."

In light of the severe nature of Montes-Ruiz's breach of trust and his repeated alien smuggling and use of false documents, Judge Burns reasoned that a high-end Guidelines sentence was warranted. Judge Burns imposed a sentence of twenty-four months in custody, to be served consecutively to the anticipated sentence to be imposed by Judge Lorenz for the substantive offense.[2] No objection was raised to the length of the sentence. Montes-Ruiz did, however, object to the imposition of a sentence that would run consecutively to a "nonexisting sentence." Judge Burns responded with his belief that he had the authority to have the sentence run consecutively, but noted that he would "look at everything anew and impose an appropriate sentence" if he proved to be mistaken.

Montes-Ruiz subsequently appeared before Judge Lorenz to be sentenced for the substantive violation of § 1326. Montes-Ruiz requested an eighteen-month sentence to run concurrently with the sentence imposed by Judge Burns. The Government recommended a twenty-month sentence to be served consecutively to the sentence imposed by Judge Burns. Judge Lorenz correctly calculated a sentencing range of eighteen to twenty-four months, and imposed a low-end sentence of eighteen months' imprisonment to run consecutively to the sentence imposed by Judge Burns.

Montes-Ruiz timely appealed the sentence imposed by Judge Burns.

---

[2] Judge Burns also imposed one year of supervised release. Based on Montes-Ruiz's later motion under Rule 35 of the Federal Rules of Criminal Procedure to correct his sentence, Judge Burns "delete[d]" the supervised release term.

## II. STANDARDS OF REVIEW

"We review . . . mootness de novo . . . . " *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (citations omitted).

We review *de novo* the district court's conclusion that it possessed authority under 18 U.S.C. § 3584 to order that its sentence run consecutive to an anticipated, but not-yet-imposed federal sentence. *See Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012) (holding that questions of statutory construction and interpretation are reviewed *de novo*).

We review a sentence imposed on revocation of supervised release "under the *Booker* reasonableness standard." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (citations omitted). If a defendant does not object to his sentence before the district court, we apply "plain error" review. *Id*. (citation omitted). "Plain error is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id*. (citation omitted). If these conditions are met, relief is discretionary by this court if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted).

## III.    DISCUSSION

### A.  Mootness

Our jurisdiction is limited to cases involving live controversies. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). The Government argues that there is no case or controversy because "regardless of [our] ruling concerning

the district court's authority under § 3584 to impose a prospectively consecutive sentence, [Montes-Ruiz] will serve an aggregate sentence of 42 months in custody." Montes-Ruiz counters that the appeal is not moot. If he prevails on appeal, "his sentence is not a foregone conclusion" because Judge Burns stated that he would "look at *everything* anew and impose an appropriate sentence."

We have held that:

> [I]f a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider. On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo.

*United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc) (citations omitted). The Government's mootness argument fails because if this case is remanded, Judge Burns is free to consider the sentence imposed by Judge Lorenz, which Judge Burns stated his inclination to do, and he may impose a lesser sentence. *See id.*

## B. 18 U.S.C. § 3584

"The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584 . . . " *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002). That statute provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

We have interpreted this language to mean that "district courts cannot order a sentence to run either concurrently or consecutively to a nonexistent term . . . ." *Taylor*, 284 F.3d at 1148 (9th Cir. 2002) (citations omitted); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010) ("[A] federal court cannot order a sentence to be served concurrently [or consecutively] with a sentence, including a state sentence, that has not yet been imposed.") (citation omitted).

The United States Supreme Court abrogated the *Taylor/Reynolds* rule as it applies to an anticipated, but not-yet-imposed *state* sentence in *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). The defendant in *Setser* was sentenced in federal court while state charges were pending for a drug offense and a parole violation. *See id.* at 1466. The federal court ordered that its sentence run consecutively to the anticipated parole violation sentence, but concurrently with the drug sentence. *See id.* The state court later ordered

that the sentences for the drug offense and the parole violation be served concurrently. *See id.* at 1467. Affirming the federal sentence, the Supreme Court held that federal district courts have discretion to order that a federal sentence run consecutively to an anticipated, but not-yet-imposed state sentence. *See id.* at 1473.

The Supreme Court explained that "*someone* must answer the consecutive versus concurrent question and decide how the state and federal sentences fit together . . . . " *Id*. at 1467 (citation and internal quotation marks omitted) (emphasis in the original). If the district court could not make the decision, the determination would, by default, rest with the Bureau of Prisons (BOP), which could "designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making [the two sentences] consecutive . . . . " *Id.* at 1467–68 (footnote reference omitted). The Court noted that 18 U.S.C. § 3584(a) does not answer the consecutive/concurrent issue raised when a state sentence is anticipated but not yet imposed. Indeed, § 3584 "addresses only multiple terms of imprisonment imposed at the same time and a term of imprisonment imposed on a defendant who is already subject to an undischarged term of imprisonment . . . . " *Id.* at 1467 (citation, alterations, and internal quotation marks omitted). However, that language does not address the situation where "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence." *Id.*

The Supreme Court emphasized that § 3584 must be construed "in light of the common-law background against which the [jurisdictional] statutes were enacted . . . " *Id.* at 1468 (citation and alteration omitted). That background

encompassed the sentencing discretion "traditionally committed" to judges, including whether sentences imposed should "run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings . . . . " *Id.* (citation omitted). The Supreme Court noted that "a large majority" of federal courts of appeal have recognized similar discretionary authority when "a federal judge anticipates a state sentence that has not yet been imposed." *Id.* (citations and footnote reference omitted). The Supreme Court "f[ou]nd nothing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of [federal] district courts' sentencing discretion" when considering whether to run a sentence concurrently or consecutively to a state sentence that has not yet been imposed. *Id.*

The Supreme Court concluded that § 3584 is a limitation on the common law sentencing discretion that judges have long possessed and "examples of sentencing discretion most frequently encountered." *Id*. at 1469. Accordingly, district courts, rather than the BOP, retain discretion to make the necessary decision of whether a federal sentence should be served concurrently with or consecutively to an anticipated state sentence. *See id.* at 1470.

In dicta, however, the Supreme Court implied that the same rule would not apply to an anticipated, but not-yet-imposed *federal* sentence. *See id.* at 1471 n.4 ("It could be argued that § 3584(a) impliedly prohibits [a consecutive sentencing order in advance of an anticipated federal sentence] because it gives that decision to the federal court that sentences the defendant when the other sentence is 'already' imposed—and does not speak (of course) to what a

*state* court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.") (emphasis in the original). In other words, under § 3584, a sentencing federal court is limited to resolving the concurrent/consecutive issue for a sentence that has already been imposed by another federal court, and not for a sentence that has yet to be imposed by another federal court. However, a federal sentencing court is not so limited when resolving the concurrent/consecutive issue for a state sentence that has yet to be imposed. Because § 3584 is silent as to the circumstance involving an anticipated state sentence, the traditional sentencing discretion governs rather than the curtailed discretion codified in § 3584. Accordingly, the federal sentencing court may resolve the concurrent/consecutive issue for a state sentence whether the sentence has already been imposed or is merely anticipated. *See id.*

Although the dicta in *Setser* is not binding, the analysis comports with the plain meaning of § 3584(a) and our prior interpretation of the statute. *See Taylor*, 284 F.3d at 1148; *see also Reynolds*, 603 F.3d at 1149. We are also mindful of the deference due Supreme Court dicta. *See United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013). We are persuaded by the discussion of the broad discretion traditionally afforded sentencing judges and the cabined limitation of that discretion codified in § 3584, such that discretion to make the concurrent/consecutive determination is limited only for federal sentences. *See Setser*, 132 S. Ct. at 1468–69. In sum, the express distinction between state and federal sentences articulated in *Setser*, *see id.* at 1471 n.4, is entirely consistent with the *Taylor/Reynolds* rule as applied to federal sentences. The *Taylor/Reynolds* rule is inconsistent only in its lack of focus on the broader discretion bestowed

upon federal judges to make the concurrent/consecutive determination when the other sentence is a state sentence rather than a federal one. *See id.* at 1468–69.

Other courts of appeal have reached a similar conclusion regarding the proper interpretation of § 3584(a). In *United States v. Quintana-Gomez*, 521 F.3d 495, 497–98 (5th Cir. 2008), the Fifth Circuit held that a district court could impose a sentence to run consecutively to an anticipated, but not-yet-imposed state sentence, but *not* to an anticipated, but not-yet-imposed federal sentence. The Fifth Circuit concluded that permitting one federal court "to impose a sentence consecutive to an anticipated federal sentence would present the second district court judge with the Hobson's choice of either ignoring his own judgment that a concurrent sentence was appropriate or disobeying the order of another district court." *Id*. at 498 (citation, alteration, and internal quotation marks omitted). The Fifth Circuit reasoned that Congress could not have intended such a consequence, and that a contrary reading would violate the general principle that "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence . . . . " *Id*. *Quintana-Gomez* relied heavily on the Fourth Circuit's reasoning in *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006), which reached the same result.[3]

In *Smith*, the Fourth Circuit relied on the plain language of § 3584, explaining that "when [federal] sentences are imposed at different times, § 3584(a) only authorizes a court

---

[3] The Government notes that these cases were decided prior to *Setser*, and relied on a slightly different analysis. Although the Government's observation is accurate so far as it goes, neither *Quintana-Gomez* nor *Smith* conflicts with the Supreme Court's rationale as expressed in *Setser*.

to determine whether a sentence should be consecutive or concurrent if the defendant is *already* subject to an undischarged term of imprisonment . . . . " *Id.* at 226 (citation and internal quotation marks omitted) (emphasis in the original).    The Fourth Circuit determined that the plain language of § 3584(a) does not contemplate imposition of a sentence to run consecutively to another sentence that does not yet exist. *See id.*  This reasoning is consistent with our similarly worded conclusion in *Taylor*, 284 F.3d at 1148 ("Based on the plain language of the statute, . . . district courts cannot order a sentence to run . . . consecutively to a non-existent term. . . . ") (citations omitted), and in *Reynolds*, 603 F.3d at 1149 ("[T]he court referenced in § 3584(a) refers only to federal courts . . . . [and] a federal court cannot order a sentence to be served concurrently [or consecutively] with a sentence . . . that has not yet been imposed.") (citation omitted).

We are persuaded by the language of the statute, the rationale of our prior decisions, the decisions from our sister circuits, and dicta from the Supreme Court that § 3584 does not permit a federal sentencing court to impose a sentence to run consecutively to another federal sentence that has yet to be imposed.  The district court's instinct to defer imposition of sentence was sound.    However, at Montes-Ruiz's insistence, the judge proceeded to impose sentence for the revocation prior to the imposition of sentence for the substantive offense.  Because we have concluded that the sentence imposed could not permissibly run consecutively to the anticipated sentence from Judge Lorenz, we take the district court judge at his word, vacate the sentence, and remand for resentencing after the judge "look[s] at everything anew."    The district court is free to consider all issues relevant to sentencing, *see Matthews*, 278 F.3d at 885–86,

including the sentence subsequently imposed by Judge Lorenz.

## C. Sentence Imposed Following Revocation

Montes-Ruiz's violation of 8 U.S.C. § 1326 constituted a Class C felony. *See* 8 U.S.C. § 1326; *see also* 18 U.S.C. § 3559. Thus, he was subject to a maximum penalty of twenty-four months' imprisonment for "*any* . . . revocation" of supervised release. 18 U.S.C. § 3583(e)(3) (emphasis added). "[A] district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms." *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009).

Montes-Ruiz does not challenge the court's imposition of a twenty-four-month sentence following revocation of supervised release. Rather, he focuses on the original sentencing court's failure to advise him that he could serve more than three years in custody if he violated his conditions of release. However, at the change of plea hearing, the district court advised Montes-Ruiz that he faced "up to three years of supervised release," and that a violation of supervised release could result in a custodial sentence for the full amount of the release term "without any credit for time that you may have been in jail . . . " Thus, Montes-Ruiz was placed on notice that any time already served in prison would not reduce the sentence imposed upon revocation.

Montes-Ruiz's failure to object to his custodial term results in review of his sentence under the highly deferential plain error standard of review. *See Hammons*, 558 F.3d at

1103.**[4]**  The district court's imposition of imprisonment in accordance with the governing statute does not constitute plain error.  *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (upholding a sentence that fell within the properly calculated Guidelines range).

## IV.    CONCLUSION

This appeal presents a live case or controversy regarding the district court's authority to impose a sentence to run consecutively to an anticipated sentence to be imposed by a different district court judge.  We conclude that 18 U.S.C. § 3584 prohibits a federal sentencing court from proceeding in that manner.  Although the sentence imposed was correctly calculated, and Montes-Ruiz was properly advised of his potential sentence, we vacate and remand for resentencing as contemplated by the district court judge in the event his interpretation of § 3584 was not validated on appeal.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.  Each party is to bear its costs of appeal.

---

**[4]** Montes-Ruiz does not challenge the substantive reasonableness of his sentence, which would be reviewed for abuse of discretion.  *See United States v. Autery*, 555 F.3d 864, 869-871 (9th Cir. 2009).