**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10361 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00100-RLH-LRL-1 |
| v. | |
| KINGSLEY IYARE OSEMWENGIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10362 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00002-RLH-GWF-2 |
| v. | |
| KINGSLEY IYARE OSEMWENGIE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted May 14, 2014[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.***

Defendant Kingsley Osemwengie appeals from a 12-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Osemwengie first argues that the revocation of his supervised release was invalid because the new violations occurred before the revocation period began to run. This argument is simply factually incorrect: at the supervised release revocation hearing, Osemwengie specifically admitted that he committed new violations during the term of his supervised release.

Second, the district court did not abuse its discretion when it imposed the 12-month sentence to be served *consecutively* to a previously imposed sentence by a federal district court in Oregon. The Oregon district court had been aware of the pending revocation proceeding against Osemwengie and stated that it intended its sentence to be served *concurrently* with the not-yet-imposed Nevada sentence. We have repeatedly stated, however, that "federal courts 'cannot order a sentence to run either concurrently or consecutively to a non-existent term.'" *Reynolds v.*

***  The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

*Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002)); *see also United States v. Montes-Ruiz*, __ F.3d __, 2014 WL 1099504, at *5-6 (9th Cir. Mar. 21, 2014) (holding that the *Taylor*/*Reynolds* rule still applies to prospective federal sentences following *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463, 1468 (2012)).  Thus, the Nevada district court here was in no way required to follow the wishes of the Oregon district court and did not abuse its discretion when it refused to do so.

**AFFIRMED**.