# United States Court of Appeals
## For the First Circuit

No. 13-1934

UNITED STATES OF AMERICA,

Appellee,

v.

HERIBERTO ALMONTE-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, Chief U.S. District Judge]

Before

Lynch, Circuit Judge,
Souter,* Associate Justice,
and Stahl, Circuit Judge.

Raymond E. Gillespie for appellant.
Tiffany V. Monrose, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

February 18, 2016

    *    Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**LYNCH**, **Circuit Judge**.  In this case of first impression in this circuit, we face a question the Supreme Court expressly left open in Setser v. United States, 132 S. Ct. 1463 (2012): whether a federal sentence may be ordered to be consecutive to another federal sentence that is anticipated but not yet imposed. We conclude that it may not.  We reverse and remand for resentencing.

I.

On October 4, 2012, Heriberto Almonte-Reyes pleaded guilty in the District of Puerto Rico to conspiracy to import a hundred grams or more of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(2)(A), 963.  In the plea agreement, the parties jointly recommended a sentence between 102 and 120 months of imprisonment.  The parties also recognized that Almonte-Reyes had pending criminal charges in the Northern District of Georgia, and they jointly expressed their "intent, desire, and recommendation that the sentence in this case and the sentence in [the Northern District of Georgia case] run concurrently."[1]

---

[1]  The indictment in the Northern District of Georgia charged Almonte-Reyes and seventeen co-conspirators with conspiracy to commit money laundering and conspiracy to distribute controlled substances.  Indictment, United States v. Almonte-Reyes, No. 09-cr-00025 (N.D. Ga. Jan. 21, 2009), ECF No. 1.  The duration of the conspiracies alleged in the Northern District of Georgia indictment overlap with the term of the conspiracy alleged in the District of Puerto Rico indictment.  Beyond that, however, the record does not make clear the exact relationship between the two cases.

On July 1, 2013, the district court in Puerto Rico sentenced Almonte-Reyes to 120 months of imprisonment, "to be served consecutively to any term to be imposed in a pending case." (emphasis added). Almonte-Reyes did not object to the consecutive nature of the sentence at the time of sentencing.

On July 5, 2013, Almonte-Reyes filed a motion for reconsideration seeking to eliminate the part of the sentence ordering his term of imprisonment to be consecutive to the anticipated Northern District of Georgia sentence. He argued that such a consecutive sentence went beyond the district court's sentencing authority under 18 U.S.C. § 3584(a). The district court denied the motion. This appeal followed.

On December 19, 2013, Almonte-Reyes pleaded guilty in the Northern District of Georgia to one count of conspiracy to commit money laundering. Guilty Plea and Plea Agreement, United States v. Almonte-Reyes, No. 09-cr-00025 (N.D. Ga. Dec. 19, 2013), ECF No. 500. On October 17, 2014, after the filing of the briefs in this appeal, the Northern District of Georgia sentenced Almonte-Reyes to 87 months of imprisonment to be served concurrently with the sentence at issue here. Transcript of Sentencing Hearing, Almonte-Reyes, No. 09-cr-00025 (N.D. Ga. Oct. 17, 2014), ECF No. 568.

The government had argued in its initial briefing that the imposition of the later federal sentence would moot the case.

Doubtful, we ordered the parties to make supplemental filings on the issue of mootness. In their supplemental filings, Almonte-Reyes took the position that the appeal was not moot, while the government maintained that it was.

## II.

To start, we reject the government's argument that this appeal is mooted by the imposition of the sentence in the Northern District of Georgia.

The government argues that once the Northern District of Georgia imposed a concurrent sentence, the consecutive nature of the sentence imposed by the District of Puerto Rico ceased to have effect. The reason, the government says, is that the decision of the Northern District of Georgia controls because its sentence came later in time. For that proposition, the government cites Odekirk v. Ryan, 85 F.2d 313, 315 (6th Cir. 1936) ("Where . . . sentences are imposed by different courts, the intention of the court imposing the second or later sentence is . . . controlling . . . .").

But, the government argues, that the District of Puerto Rico's consecutive sentencing decision was superseded by the Northern District of Georgia's later-in-time sentence does not mean that the District of Puerto Rico's sentence was legally impermissible at the time it was imposed. Rather, the government suggests, we should consider this a situation where developments

that take place after an initial sentencing require the adjustment of a sentence. Certain mechanisms are available to prisoners for adjustment of a sentence, the government says, and Almonte-Reyes should seek relief through those means rather than challenging the lawfulness of the initial sentence. Specifically, the government points to 18 U.S.C. § 3582(c)(1)(A), which allows a district court to reduce a prison term "upon motion of the Director of the Bureau of Prisons . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction"; 28 C.F.R. § 542.10, the Bureau of Prisons' Administrative Remedy Program; or, alternatively, judicial action under 28 U.S.C. § 2241, a writ of habeas corpus. In essence, the government concedes that Almonte-Reyes should serve concurrent sentences but urges us to leave the matter for the Bureau of Prisons or a future district court to resolve.

This case is not mooted by the possibility that Almonte-Reyes might succeed in adjusting his sentence through the alternative mechanisms suggested by the government. For one, we do not know the Bureau of Prisons' position on this issue, so it is not a foregone conclusion that Almonte-Reyes will be considered eligible for relief through those alternative mechanisms.[2]

---

[2] The first two alternative mechanisms proposed by the government both rely on acquiescence by the Bureau of Prisons. While a writ of habeas corpus does not rely on such acquiescence by the Bureau of Prisons, it cannot be that the possibility of future success on habeas would moot Almonte-Reyes's direct appeal of his sentence.

Moreover, Almonte-Reyes argues that the District of Puerto Rico's sentence was legally impermissible at the time it was imposed, and that question must be subject to judicial determination in this direct appeal.

We proceed to determine whether the District of Puerto Rico acted within its legal authority when it specified Almonte-Reyes's sentence to be consecutive to an anticipated but not-yet-imposed federal sentence.[3]  Our review is de novo as it involves a question of statutory interpretation.[4]  United States v. Vidal-

---

[3]     There is one more antecedent issue raised in the parties' briefs, but we can quickly dispense of it.  Almonte-Reyes's plea agreement contained a waiver-of-appeal clause that both parties agree does not bar this appeal.  We agree that because the district court's imposition of a consecutive sentence ran counter to the parties' joint recommendation, Almonte-Reyes's claim falls outside the scope of the waiver of appeal.  See United States v. Santiago-Burgos, 750 F.3d 19, 23–24 (1st Cir. 2014); United States v. Maldonado-Escarfullery, 689 F.3d 94, 97 n.2 (1st Cir. 2012).

[4]     Almonte-Reyes concedes that he did not make a contemporaneous objection to the consecutive nature of his sentence.  Although he claims that he nonetheless preserved the issue by raising it in a timely motion for reconsideration, circuit precedent forecloses that claim.  See, e.g., Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011); Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006).
     While Almonte-Reyes's failure to preserve the objection would ordinarily result in plain error review, the government has failed to request application of a plain error standard.  We have often declined to apply a plain error standard when the government fails to invoke it, and we do the same here.  See, e.g., United States v. Soto-Rivera, No. 14-1216, 2016 WL 279364, at *3 (1st Cir. Jan. 22, 2016); United States v. Paulino-Guzman, 807 F.3d 447, 450 n.5 (1st Cir. 2015); United States v. Encarnación-Ruiz, 787 F.3d 581, 586 (1st Cir. 2015).

Reyes, 562 F.3d 43, 48 (1st Cir. 2009).  The relevant statute provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

In Setser, the Supreme Court addressed the question of whether § 3584(a) allows the imposition of a federal sentence consecutive to an anticipated state sentence.  The Court began by noting that § 3584(a) is silent on that question:

> [Section 3584(a),] which says when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in absence of indication by the sentencing judge, does not cover the situation here.  It addresses only "multiple terms of imprisonment . . . imposed . . . at the same time" and "a term of imprisonment . . . imposed on a defendant who is already subject to an undischarged term of imprisonment."  Here the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence.

<u>Setser</u>, 132 S. Ct. at 1467 (alterations in original) (citation omitted) (quoting 18 U.S.C. § 3584(a)).  The Court then rejected the defendant's <u>expressio unius</u> argument that the district court's power to impose a consecutive sentence was limited to the two listed situations.  <u>Id.</u> at 1469.  Rather, the Court noted, "[s]ection 3584 . . . is framed not as a conferral of authority but as a limitation of authority that already exists."  <u>Id.</u>  The Court found the prior existence of consecutive sentencing authority in "the common-law background against which the statutes . . . were enacted," <u>id.</u> at 1468 (alteration in original) (quoting <u>New Orleans Pub. Serv., Inc.</u> v. <u>Council of City of New Orleans</u>, 491 U.S. 350, 359 (1989)), under which "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings," <u>id.</u> The Court therefore concluded that § 3584(a) "le[ft] room for the exercise of judicial discretion in the situations not covered." <u>Id.</u> at 1470.

The Supreme Court suggested that the same logic may not apply when the anticipated sentence is federal, although it did not ultimately decide the question:

> Setser notes that the text of § 3584(a) does not distinguish between state and federal sentences.  If a district court can enter a

> consecutive sentencing order in advance of an anticipated state sentence, he asks, what is to stop it from issuing such an order in advance of an anticipated federal sentence? It could be argued that § 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed -- and does not speak (of course) to what a state court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

Id. at 1471 n.4.

We adopt the distinction suggested in Setser's footnote four. The Supreme Court's reasoning in Setser began with the premise that § 3584(a) is silent on whether a federal court can impose a sentence that is consecutive to an anticipated state sentence. The statute is not similarly silent when the anticipated sentence is federal. Section 3584(a) says that when a term of imprisonment has "already" been imposed, a federal court has the power to sentence concurrently or consecutively, and the sentence is presumed to be consecutive unless the court orders otherwise. By giving such discretion to the later federal sentencing court, "§ 3584(a) impliedly prohibits" an earlier federal court from making that decision with respect to a future federal sentence. Id.

In so concluding, we agree with the two other courts of appeals that have decided, following Setser, that a district court does not have the power to impose a sentence consecutive to an

- 9 -

anticipated but not-yet-determined federal sentence.   United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015); United States v. Montes-Ruiz, 745 F.3d 1286, 1290–93 (9th Cir. 2014).

Not only is this conclusion the best reading of the text of the statute, but it is also consistent with other considerations noted by the Supreme Court in Setser.   First, Setser recognized the tradition of judicial discretion to determine whether a sentence runs concurrently or consecutively.   132 S. Ct. at 1468. While the government's position superficially allows discretion for the first sentencing court, it eliminates or severely constrains discretion for the second sentencing court.   The later sentencing court is put under the pressure of either ignoring its own judgment or contradicting another district court.   We think Congress could not have intended that result.   See Montes-Ruiz, 745 F.3d at 1292 (citing United States v. Quintana-Gomez, 521 F.3d 495, 497–98 (5th Cir. 2008)).   Moreover, under the government's position, if the two federal courts disagree (as here), the question ends up having to be resolved by the Bureau of Prisons, whose choice of how to implement the sentence will necessarily fail to accord with one of the federal judges' decisions. Resolution of the issue by the Bureau of Prisons would run counter to "our tradition of judicial sentencing, and . . . the accompanying desideratum that sentencing not be left to employees

of the same Department of Justice that conducts the prosecution." Setser, 132 S. Ct. at 1471–72.[5]

Second, the outcome we reach is consistent with the principle, recognized by the Setser Court as "undoubtedly true," that "when it comes to sentencing, later is always better because the decisionmaker has more information." Id. at 1471.[6]

Third, the Court in Setser faced dual sovereignty concerns not present here because both sentences are federal. Id. at 1471. While Setser concluded that respect for state sovereignty supported the exercise of concurrent-vs.-consecutive decisionmaking authority by an earlier sentencing federal court, the situation before us implicates no such dual sovereignty concerns. Id.; see also Quintana-Gomez, 521 F.3d at 497 (pre-Setser case using dual sovereignty as basis for distinguishing

---

[5] We recognize the Setser dissent's suggestion that it would not be "constitutionally surprising" for the Bureau of Prisons to play a part alongside judges in sentencing. Setser, 132 S. Ct. at 1477 (Breyer, J., dissenting) (citing Mistretta v. United States, 488 U.S. 361, 364 (1989)). However, we are bound by the majority, which took issue with the idea of leaving the question to the Bureau of Prisons. Id. at 1471–72 & n.5 (majority opinion).

[6] The dissenting members of the Setser Court would agree with us on this point. See Setser, 132 S. Ct. at 1476 (Breyer, J., dissenting) (expressing concern that "the [earlier] sentencing judge normally does not yet know enough about what will happen in the sentencing-proceeding-yet-to-come" to fairly decide whether the sentences should be concurrent or consecutive).

between federal court's authority to sentence consecutively to anticipated state and federal sentences).

In sum, we conclude that, under 18 U.S.C. § 3584(a), a federal sentencing court does not have the authority to determine that a sentence should be consecutive to a federal sentence that has not yet been imposed.

### III.

We <u>reverse</u> and <u>remand</u>. On remand, the district court is instructed to strike the portion of the sentence specifying the term of imprisonment "to be served consecutively to any term to be imposed in a pending case."