# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1357

_____

United States of America

*Plaintiff - Appellee*

v.

Pierre Watson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2016
Filed: December 8, 2016

_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

When Pierre Watson was sentenced for running away from a halfway house where he was serving federal time, see 18 U.S.C. § 751(a), he was also facing federal charges in a separate case based on allegations of fraud and identity theft. The district

court[1] sentenced Watson to a year and a half in prison for the escape—the middle of the uncontested advisory range under the United States Sentencing Guidelines—and specified that the sentence "shall run consecutively to any sentence that may be imposed if [Watson] should be convicted in the pending [fraud] case." Watson did not object at the time, yet on appeal he argues the district court did not have authority to make his sentence consecutive to another federal sentence that had not yet been imposed.[2]

As Watson acknowledges, he forfeited his challenge by not raising it before the district court, so he can obtain relief only if the consecutive sentence was a plain error—meaning an error that is "clear or obvious under current law"—that affected his substantial rights. United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011); see also Fed. R. Crim. P. 52(b). Watson concedes neither the Supreme Court nor this court has previously resolved the issue presented in this case. He argues the answer is nonetheless clear based on dictum from the Supreme Court and decisions from other Courts of Appeals. We are not convinced.

The Supreme Court dictum comes from a footnote in Setser v. United States, concerning the similar, but distinct issue of whether a district court could make a federal sentence run consecutively to an anticipated *state* sentence. See Setser v. United States, ___ U.S. ___, ___, 132 S. Ct. 1463, 1466 (2012). The Supreme Court held that because the statute governing concurrent and consecutive sentences, 18 U.S.C. § 3584(a), does not address cases where the other sentence has not yet been imposed,[3] district courts retain their common-law "discretion to select whether the

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]We have jurisdiction of the appeal under 28 U.S.C. § 1291.

[3]The relevant statutory language is:

sentences they impose will run concurrently or consecutively with respect to [such] sentences." Id. at ___, 132 S. Ct. at 1468-69 ("Section 3584 . . . is framed not as a conferral of authority"—in which case the failure to mention this situation would mean no authority was conferred—"but as a limitation of authority that already exists."). The footnote in question was prompted by the defendant raising the prospect that such reasoning would also seem to extend to cases like this one, where the anticipated sentence was federal (which he apparently assumed the Court would consider problematic), because "the text of § 3584(a) does not distinguish between state and federal sentences." Id. at ___ n.4, 132 S. Ct. at 1471 n.4. As a counterpoint, the Court offered a plausible interpretation of the statute that would in fact support such a distinction:

> It could be argued that § 3584(a) impliedly prohibits [a federal court making a sentence consecutive to an anticipated federal sentence] because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed—and does not speak (of course) to what a *state* court must do when a sentence has already been imposed.

Id.

----

> If multiple terms of imprisonment are imposed on a defendant *at the same time*, or if a term of imprisonment is imposed on a defendant *who is already subject to an undischarged term of imprisonment*, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added).

That is the reading Watson now invokes to justify reaching the opposite outcome here than in Setser. But the Supreme Court's suggestion that drawing such a line could be textually defensible, by itself, is not nearly enough to satisfy us it is clear and obviously right. To the contrary, the footnote was the Court's demonstration why it understood its decision in Setser was *not* dictating a clear answer to the question presented in Watson's situation. See id. ("It suffices to say, however, that this question [of an anticipated federal sentence] is not before us."). Nor can we say, regardless of what the Court meant to leave open, the proposed interpretation is so compelling that, now when the issue has been articulated, reading § 3584(a) any other way would be clearly wrong. Watson's theory is premised on the idea that § 3584(a) "gives" the concurrent-or-consecutive decision to the second court to sentence a defendant, see Setser, ___ U.S. at ___ n.4, 132 S. Ct. at 1471 n.4, however, that is not the only way to read the relevant clause. Rather, it reasonably could be understood as simply clarifying both concurrent and consecutive sentences are permissible, without speaking to which court gets to choose between them. See 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively").

The other appellate decisions Watson cites are United States v. Almonte-Reyes, 814 F.3d 24 (1st Cir. 2016), United States v. Obey, 790 F.3d 545 (4th Cir. 2015), and United States v. Montes-Ruiz, 745 F.3d 1286 (9th Cir. 2014). All three ultimately adopted the position proposed in the Setser footnote.[4] See Almonte-Reyes, 814 F.3d

---

[4] Another court reached the same result—allowing federal district courts to make sentences concurrent or consecutive to anticipated state sentences but not to federal ones—in a case decided before Setser. See United States v. Quintana-Gomez, 521 F.3d 495, 497-98 (5th Cir. 2008). Because the reasoning in that decision differed from what the Supreme Court later adopted, see Setser, ___ U.S. at ___, 132 S. Ct. at 1468-72; Quintana-Gomez, 521 F.3d at 497-98, it reveals even less than the post-Setser cases about the current clarity of the law for our circuit.

at 28-29; Obey, 790 F.3d at 549; Montes-Ruiz, 745 F.3d at 1292-93. None, however, treated it as obvious. Instead, they all saw fit to offer substantive analyses of the issue before reaching their conclusions. See Almonte-Reyes, 814 F.3d at 27-29; Obey, 790 F.3d at 548-50; Montes-Ruiz, 745 F.3d at 1290-93; see also Obey, 790 F.3d at 549-50 (deciding the issue but then denying relief on plain-error review); cf. Almonte-Reyes, 814 F.3d at 27 n.4 (declining to apply the plain-error standard because the government did not ask for it). Two decisions based their holdings in large part on circuit precedent that had prohibited making a sentence concurrent or consecutive to any sentence that had not yet been imposed, state or federal. See Obey, 790 F.3d at 549 (citing United States v. Smith, 472 F.3d 222, 224, 226 (4th Cir. 2006)); Montes-Ruiz, 745 F.3d at 1290, 1292-93 (citing Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002)). Those prior decisions, the courts ruled, were only partly overruled by Setser and remained good law with respect to anticipated federal sentences. See Obey, 790 F.3d at 549; Montes-Ruiz, 745 F.3d at 1292-93.

We have no comparable precedent. Our closest case, although not controlling, at first glance points the opposite direction. See United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (holding the district court had authority to make a sentence consecutive to an anticipated state sentence and, on its face, giving no reason to think a different rule would apply for federal sentences). We are not so thoroughly persuaded by the decisions of our sister circuits that we consider the point settled beyond debate.[5] Like them, we think Setser left open the question of whether the

---

[5]For one thing, while it is certainly true that "'when it comes to sentencing, later is always better because the decisionmaker has more information,'" as the most recent case emphasizes, see Almonte-Reyes, 814 F.3d at 29 (quoting Setser, ___ U.S. at ___, 132 S. Ct. at 1471), it is not obvious why that is not just a consideration for the district court when deciding whether to make a concurrent-or-consecutive determination with respect to an anticipated sentence, rather than a justification for taking away the first court's discretion entirely. See Setser, ___ U.S. at ___ n.6, 132 S. Ct. at 1472 n.6 ("Of course, a district court should exercise the power to

-5-

district court could make Watson's prison term for the escape consecutive to any sentence arising from the other federal charges pending against him.  Because that means any error in this case is not plain, we affirm.  We leave resolution of the issue for a case in which it is properly raised and preserved.

_____

impose anticipatory consecutive (or concurrent) sentences intelligently.  In some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case.").  Importantly, the related concern that the first court will be unable to weigh the sentencing factors under 18 U.S.C. § 3553(a) without knowing for sure what else the defendant might be convicted of or what the second sentence might be, see Smith, 472 F.3d at 227, cited in Obey, 790 F.3d at 549, and Montes-Ruiz, 745 F.3d at 1292-93, closely resembles an argument the Supreme Court addressed and rejected in Setser.  See Setser, ___ U.S. at ___, 132 S. Ct. at 1470 ("One cannot be sure that the sentence imposed is 'sufficient, but not greater than necessary,' § 3553(a), the argument goes, if one does not know how long it will actually be.  But the district judge faces the same uncertainty if the concurrent-vs.-consecutive decision is left for later resolution . . . ; he does not know, for example, whether the 5-year sentence he imposes will be an actual five years or will be simply swallowed within another sentence.").