**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50014 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00218-DSF-1 |
| v. | |
| DAN PIZARRO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 13, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Defendant-Appellant Dan Pizarro appeals the District Court for the Central
District of California's 18-month supervised-release-revocation sentence on the
grounds that it exceeded the district court's authority and is substantively
unreasonable. The district court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

3605, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

1.    The district court imposed a sentence of 18 months of imprisonment to begin on either the date that Pizarro is released from his Louisiana sentence, or on January 1, 2042, whichever is earlier. Pizarro argues that the district court exceeded its authority because it ordered its supervised-release-revocation sentence to run consecutively to a speculative future sentence in his Louisiana federal case, for which his current sentence is life. Pizarro reasons that the supervised-release-revocation sentence would not affect his imprisonment if it were consecutive to a life sentence, so it only has meaning if Pizarro's life sentence is replaced with a new, lesser sentence. But by making the supervised-release-revocation sentence consecutive to that new, lesser sentence, he claims, the supervised-release-revocation sentence violated precedent holding that 18 U.S.C. § 3584(a) prohibits district courts from imposing a sentence consecutively to a sentence in another federal case that has not yet been imposed.

Pizarro's arguments lack merit. Pizarro does not dispute that a district court may impose a sentence consecutive "to an undischarged term of imprisonment." § 3584(a). Moreover, when Pizarro was sentenced in the Central District of California, he was "already subject to an undischarged term of imprisonment" for the Louisiana case. *United States v. Montes-Ruiz*, 745 F.3d 1286, 1291 (9th Cir.

2

2014) (citation omitted). Pizarro's challenge to the sentencing provision thus turns on the assumption that he will be resentenced on his Louisiana conviction at a point before the entirety of the 18-month sentence can be served, and that the resentencing court will be bound to retain the 18-month consecutive sentence in contravention of *Montes-Ruiz*. But this assumption is incorrect. Even assuming Pizarro is resentenced, the California supervised-release-revocation sentence would not—by its own terms—run consecutively to the new sentence. Pizarro's supervised-release-revocation sentence states that the 18-month sentence would commence on either "the date that defendant is released from his sentence imposed in [the Louisiana case] or on January 1, 2042, whichever is earlier." The sentence thus only may run consecutively to the life sentence imposed (past tense)—not any potential future sentence. If Pizarro is resentenced in relation to the Louisiana case, the later-sentencing judge would have the discretion to decide whether the new sentence should run consecutively to or concurrently with the California sentence. That is because the California sentence would run consecutively to Pizarro's release from his already-imposed Louisiana *sentence*, not from his release from imprisonment generally. That scheme is perfectly permissible under 18 U.S.C. § 3584(a) and *Montes-Ruiz*, 745 F.3d at 1291–92 (holding that § 3584 curtails a district judge's

traditional discretion over sentencing, which otherwise remains).[1]  And Pizarro provides no support for his contention that a later-sentencing judge should have the power to abrogate a prior-imposed sentence from another case.

2.     Pizarro challenges the substantive reasonableness of his sentence on three primary grounds: (1) that no additional sentence will ever further the goals of 18 U.S.C. § 3553(a) when a defendant is already serving a life term; (2) that the district court had inadequate information to intelligently impose a consecutive sentence; and (3) that there is no basis for selecting January 1, 2042, as the date on which a concurrent term would begin.

These arguments, too, fall short.  First, Pizarro cites no authority suggesting that imposing a sentence consecutive to a preexisting life term is inherently substantively unreasonable.  Such a sentence is not unreasonable where, as here, the district court sought to ensure Pizarro is held accountable for the violation of his supervised release conditions if he were released from his life sentence.  Second, although the district court may not have had perfect information about if or when Pizarro would be released from his life sentence, it had sufficient information to intelligently weigh the § 3553(a) sentencing factors. *United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006); 18 U.S.C. § 3583(e).  Finally, it was reasonable

---

[1] Our conclusion does not rely on United States Sentencing Guideline § 5G1.3(d)'s policy statement or application notes, and thus we do not consider the parties' arguments on the matter.

for the district court to choose to expose Pizarro to the risk of a consecutive sentence beginning in 20 years. The district court expressly considered the risk that Pizarro would endanger the community if released during that time, based on his history of drug offenses into his forties despite prior convictions. The district court's factual determination that Pizarro's risk of recidivism would persist into his early seventies was not clearly erroneous.

**AFFIRMED**.