NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10081 |
| Plaintiff-Appellee, | D.C. No. 4:96-cr-00094-JSW-7 |
| v. | |
| HOANG AI LE, AKA Ah Hoang, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 19, 2023[**]
San Francisco, California

Before:  VANDYKE and SANCHEZ, Circuit Judges, and LASNIK,[***] District Judge.

Hoang Ai Le ("Le") appeals Judge Jeffrey S. White's order denying in part

his motion to correct his sentence for clerical error pursuant to Federal Rule of

Criminal Procedure 36.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).
[***]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

for clear error the grant or denial of a Rule 36 motion, *see United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam), and we affirm.

Le contends that Judge White erred by striking all references in the judgment to his pending Eastern District of California case in which a sentence had not yet been imposed. "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam) (citations omitted). "A change made under Fed. R. Crim. P. 36 can do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

Le's sentence was orally pronounced by Judge Marilyn Hall Patel. Judge White determined that Judge Patel never intended to decide whether the sentence she imposed on Le would be served concurrently or consecutively to any future sentence imposed in the Eastern District. Judge White did not clearly err in doing so. Judge Patel noted that Le was not serving any other sentence at that time and the court had no control over the proceedings in the Eastern District. This unambiguous statement reflects established law in this circuit. *See United States v. Montes-Ruiz*, 745 F.3d 1286, 1291–93 (9th Cir. 2014). And, as the parties agree, the amended judgement does not alter the term Le is currently serving. *See* 18 U.S.C. § 3584(a).

2

**AFFIRMED.**