# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3708

_____

United States of America,

*Plaintiff - Appellee,*

v.

Daniel Donald Lovato,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 8, 2017
Filed: August 18, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Daniel Lovato was convicted of sexual abuse of a minor, and the district court[1] sentenced him to 180 months' imprisonment. Lovato appeals, arguing that the district

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

court misapplied the sentencing guidelines and that his sentence is unreasonable. We see no procedural error or abuse of discretion and therefore affirm.

A grand jury charged Lovato with two counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2), and two counts of sexual abuse of a minor, in violation of §§ 1153, 2243(a), 2246(2). Lovato reached a plea agreement and pleaded guilty to one count of sexual abuse of a minor. The government dismissed the other charges.

In preparation for sentencing, the probation office submitted a presentence report that calculated an advisory guideline range of 37 to 46 months' imprisonment. One factor in that computation was a five-level increase under USSG § 4B1.5(b) for an offender who is a repeat and dangerous sex offender against minors. The five-level increase applies when the defendant "engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). The probation office also alerted the district court that Lovato's dismissed conduct may warrant an upward departure under USSG § 5K2.21. Before sentencing, the district court informed the parties that it was considering a substantial upward departure. The court said that "[i]f, in fact, there was 8.5 years of sexual abuse, a departure or a variance may be appropriate on the basis of extreme conduct and humiliation of the victim." R. Doc. 51, at 1.

At sentencing, Lovato's victim testified that Lovato first sexually abused her when she was seven years old and then continued to make sexual contact with her "a couple of times a week." She testified that Lovato began to commit vaginal rape in 2007, when the victim was nine or ten years old, and raped her "maybe about 11, 15 times" between ages nine and thirteen. Lovato moved away from the community in November 2011, but the victim testified that he returned for visits and sexually abused her then. The victim recounted a final rape in January 2014, when Lovato was twenty-six years-old and the victim was fifteen, after which the victim contacted a representative of Tribal Child Protection Services and reported the abuse.

-2-

Lovato argued nonetheless that § 4B1.5 should not apply and that no upward departure was warranted. The district court found that Lovato did engage in a pattern of activity involving prohibited sexual conduct and applied an increase under § 4B1.5(b). After considering other adjustments and criminal history, the court determined an advisory guideline range of 37 to 46 months' imprisonment. The court then concluded that the advisory range was "totally inadequate" and departed upward based on USSG § 5K2.21 to the statutory maximum term of 180 months' imprisonment. The court found that Lovato's sexual abuse "went on when the victim was seven or eight years of age, for the next eight and a half years, which clearly has resulted in adverse consequences for the victim." The court found that Lovato showed no remorse and stated that but for the statutory maximum penalty, the court would have imposed "a much longer sentence than the 15-year statutory maximum."

Lovato argues for the first time on appeal that the district court erred by "double counting" his prohibited sexual activity when the court applied both an increase in the offense level under § 4B1.5(b) and an upward departure under § 5K2.21. We review this contention for plain error. Fed. R. Crim. P. 52(b). "Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997) (internal quotation omitted).

To justify an increase under § 4B1.5(b), the court must find a "pattern of activity involving prohibited sexual conduct." A "pattern" means that the defendant engaged in prohibited sexual conduct with a minor on at least two separate occasions. USSG § 4B1.5, comment. (n.4(B)(i)). Once the guideline range is calculated, § 5K2.21 provides that the court may depart upward "to reflect the actual seriousness of the offense." This departure may be based on conduct underlying a dismissed charge, or a potential charge not pursued, when the conduct "did not enter into the determination of the applicable guideline range."

-3-

There was no double counting here, because § 4B1.5(b) did not "fully account" for Lovato's eight-year pattern of sexual abuse. The five-level increase was triggered based on two occasions of prohibited sexual conduct with a minor. Lovato abused his victim on a much larger scale. The district court permissibly accounted for the other occasions of abuse by departing upward under § 5K2.21. The extent of abuse was an aggravating circumstance that the adjustment under § 4B1.5(b) for a shorter pattern did not fully address.

Lovato also asserts that his sentence is unreasonable. He contends that the district court failed to consider the need to avoid unwanted sentencing disparities, because other defendants convicted of sexual abuse of a minor have received more lenient sentences. The court, however, obviously thought that Lovato presented an extraordinary case of sexual abuse that justified a substantial term of imprisonment: "Every time this happened was a separate offense, and so he has committed crimes, one after another, over the course of eight and a half years." We see no abuse of discretion in the district court's determination that there existed aggravating circumstances that were not adequately taken into account by a shorter term of imprisonment, and that Lovato deserved a term at the statutory maximum.

The judgment of the district court is affirmed.

_____