# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3137

_____

United States of America

*Plaintiff - Appellee*

v.

Jared Atkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville Division

_____

Submitted: September 24, 2018
Filed: January 3, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jared Atkins appeals the district court's[1] judgment sentencing him to 21 months of imprisonment based on his guilty plea to burglary of a pharmacy, in violation of

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

18 U.S.C. § 2118(b). He argues on appeal that the district court engaged in impermissible double-counting in calculating his U.S. Sentencing Guidelines ("Guidelines") range and that his sentence is substantively unreasonable. We find no error in the district court's judgment.

When reviewing sentences, "[w]e 'must first ensure that the district court committed no significant procedural error.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The procedural error of double-counting "occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Lovato*, 868 F.3d 681, 684 (8th Cir. 2017) (quoting *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997)). We review procedural errors raised for the first time on appeal for plain error. *Id.*

Atkins's double-counting argument relies on mislabeling the base offense in the Guidelines. The applicable provision is entitled "Burglary of a Residence or a Structure Other than a Residence." U.S. Sentencing Guidelines Manual § 2B2.1 (U.S. Sentencing Comm'n 2016). It includes an enhancement if a "controlled substance was taken." *Id.* § 2B2.1(b)(3). Atkins may be correct that any pharmacy burglary automatically receives the enhancement, but he mislabels the base level as concerning *pharmacy* burglary when it actually concerns *any non-residential* burglary. The enhancement punishes his particular type of non-residential burglary because the base level did not fully account for certain categories of non-residential burglary separately designated for additional sanction. *See United States v. Narte*, 197 F.3d 959, 965 (9th Cir. 1999) (holding that base level does not fully account for the offense if it is possible to violate the Guidelines section under other statutes without incurring the enhancement). Thus, the district court did not double-count when applying the controlled substance enhancement.

When there is no procedural error, "we 'should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Feemster*, 572 F.3d at 461 (quoting *Gall*, 552 U.S. at 51). "[W]e are to 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Id.* (quoting same). We cannot reverse a district court "[j]ust because we 'might reasonably have concluded that a different sentence was appropriate.'" *Id.* at 462 (quoting same). We also presume that sentences within the Guidelines range are substantively reasonable. *United States v. Barron*, 557 F.3d 866, 870 (8th Cir. 2009).

Atkins's argument on substantive reasonableness is nothing more than an invitation for this court to conclude that a different sentence was appropriate. The district court believed that the aggravating and mitigating factors were relatively equally balanced. Despite the equal factors, the district court also gave Atkins some credit by sentencing him at the bottom of his Guidelines range. The only factor in Atkins's argument that does not appear explicitly in the district court's reasoning is his complete compliance with pretrial release. Avoiding pretrial release violations may be a relevant factor in sentencing, but Atkins cites no authority stating that the absence of such violations alone would compel a variant sentence in a case where the factors are otherwise equal. We also see nothing else in the record indicating that the district court's weighing of the factors was not a proper exercise of discretion. Accordingly, Atkins has not met his burden to overcome the presumption that the Guidelines sentence was reasonable.

The district court correctly calculated the Guidelines range, and a Guidelines sentence was within its discretion. We affirm.

_____