# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3577

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Earl Snow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: December 12, 2019
Filed: February 10, 2020

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

While on parole for two Iowa drug offenses, Michael Snow pleaded guilty to one count of conspiracy to distribute cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court[1] found that he was a career offender, *see* U.S.S.G. § 4B1.1, and

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

gave him a 197-month prison sentence, "to be served consecutively" to any Iowa sentence imposed for violating the conditions of parole. On appeal, he challenges the court's application of the career-offender Guideline and its authority to sentence him consecutively. We affirm.

I.

Snow's first argument focuses on the overlapping effects of a 2005 Iowa drug conviction. This conviction factored into his federal sentence in two ways. First, it increased the statutory maximum for his crime from 40 years to life in prison. *See* 21 U.S.C. §§ 841(b)(1)(B), 851. Second, it made Snow a "career offender" under the Sentencing Guidelines. U.S.S.G. § 4B1.1(a) (discussing "controlled substance offense[s]"). Snow argues that using a single conviction for these two purposes was impermissible "double counting" that led to a miscalculated Guidelines range. He did not make this argument before the district court, so our review is for plain error. *See United States v. Lovato*, 868 F.3d 681, 684 (8th Cir. 2017). For two reasons, there was no plain error here.

First, the district court applied the statute and the career-offender Guideline the right way. The two work in tandem with one another. Prior convictions are initially used to determine whether any statutory enhancements apply. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 4B1.1 cmt. n.2; *see also United States v. LaBonte*, 520 U.S. 751, 758–59 (1997). Then, depending on the applicable statutory maximum, the career-offender Guideline kicks in to reveal an offender's base offense level. *Compare* U.S.S.G. § 4B1.1(b)(1) (applying an offense level of 37 when the statutory maximum is "[l]ife"), *with id.* § 4B1.1(b)(2) (applying an offense level of 34 when the statutory maximum is "25 years or more"). The point is that, far from prohibiting a single conviction from "counting" in both calculations, the text of the career-offender Guideline all but says that it does. *See id.* § 4B1.1 cmt. n.2.

Second, to the extent Snow's argument is independent of the text of these provisions, our decision in *United States v. Quiroga* suggests that what the district

court did here was proper. 554 F.3d 1150, 1158 (8th Cir. 2009). *Quiroga* involved a factually similar scenario: a court used the same prior conviction both to increase the statutory maximum and to designate the defendant as a career offender. In the face of a Sixth Amendment challenge, we concluded that doing so created "no legal error." *Id.* Although the nature of the challenge in this case is different, any error in using Snow's prior conviction for both purposes would, at a minimum, not be "clear or obvious under" *Quiroga. United States v. Watson*, 843 F.3d 335, 336 (8th Cir. 2016) (citation omitted); *see also United States v. Mulverhill*, 833 F.3d 925, 930 (8th Cir. 2016) (concluding that there was no plain error because we lacked a controlling case and an analogous case suggested that there was no error).

## II.

Snow also challenges the decision to have his 197-month federal sentence run consecutively to "any term of imprisonment . . . imposed" for violating the conditions of parole. His argument is that the district court lacked the authority to make this determination because, without pending revocation proceedings in Iowa, any potential prison sentence would have been speculative.[2] Our standard of review is de novo because Snow preserved this legal issue below. *United States v. Sumlin*, 317 F.3d 780, 781–82 (8th Cir. 2003) (stating that questions about the district court's statutory authority are reviewed de novo).

District courts generally have the discretion to impose consecutive or concurrent sentences when a defendant receives multiple terms of imprisonment "at the same time" or is "already subject to an undischarged term of imprisonment" at the time of sentencing. 18 U.S.C. § 3584(a) (stating that prison terms in these circumstances "*may* run consecutively or concurrently" (emphasis added)). The statute is silent, however, on the situation presented here, which is how to treat

[2]The district court also ordered Snow's federal sentence to run consecutively to any sentence imposed for pending criminal charges in Mississippi. Snow does not challenge this decision, apparently because Mississippi had *already* filed formal charges against him by the time of his sentencing.

potential state sentences that have yet to be imposed. Filling this void, the Supreme Court has concluded that, given the "discretion traditionally committed to" judges at sentencing, district courts may preemptively decide whether a federal sentence and an "anticipate[d]" state sentence should run consecutively or concurrently to one another. *Setser v. United States*, 566 U.S. 231, 236–237 (2012).

According to Snow, applying *Setser* here would be a bridge too far because there was no telling whether Iowa would actually seek to revoke his parole. It is true that revocation proceedings had already begun in *Setser* by the time the district court decided to order consecutive sentences. *Id.* at 233. Still, we do not believe this distinction matters. After all, the dividing line, according to the Supreme Court, is whether a state sentence is "anticipate[d]," not whether formal proceedings have started. *Id.* at 236.

In this case, the district court anticipated that Iowa would seek a prison sentence. It knew that Snow was on parole for prior drug crimes, identified the relevant Iowa cases by docket number, and familiarized itself with his criminal history and the facts underlying his most recent drug offense. It was no stretch to conclude that Snow's commission of another serious drug crime while on parole would conceivably lead to more prison time in Iowa. *See* Iowa Code § 908.5(1); *see also Rhiner v. State*, 703 N.W.2d 174, 177 (Iowa 2005) (describing Iowa's parole-revocation procedures); Iowa Admin. Code r. 201-45.2(1) (requiring, as a standard condition of parole, that a parolee "obey all laws and ordinances"). These facts place this case squarely within *Setser*'s domain.

III.

We accordingly affirm the judgment of the district court.

_____