# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2285
_____

United States of America

*Plaintiff - Appellee*

v.

Victor Rodriguez Kessel

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: October 25, 2022
Filed: October 28, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Victor Kessel, who was counseled below but is proceeding pro se on appeal, appeals after a jury convicted him of drug and firearm offenses and the district court[1]

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

sentenced him to 180 months in prison.  On appeal, Kessel challenges the denial of his motion to suppress, the sufficiency of evidence at trial, the forfeiture of his house, and various aspects of his sentencing.

Upon careful review, we conclude that the district court did not err in denying Kessel's motion to suppress, see United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo), as the suppression hearing testimony showed that Kessel consented to his encounter with law enforcement and to the searches of a package and his house, see United States v. Lillich, 6 F.4th 869, 875 (8th Cir. 2021) (person has been seized under the Fourth Amendment only when a reasonable person would have believed he was not free to leave); United States v. DaCruz-Mendes, 970 F.3d 904, 908 (8th Cir. 2020) (consensual search does not violate the Fourth Amendment if the consent was given voluntarily and without coercion).

We also conclude there was sufficient evidence for the jury to convict Kessel of conspiring to manufacture cocaine base, as the record indicated that he had been working in concert with individuals in Arizona to obtain powder cocaine, which was processed into cocaine base in his home and then distributed.  See United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt); see also United States v. Ramirez, 21 F.4th 530, 532-33 (8th Cir. 2021) (elements of drug conspiracy).

As to Kessel's sentencing arguments, we conclude that the district court did not plainly err in applying an enhanced statutory sentencing range based on Kessel's prior conviction for a felony drug offense.  See 21 U.S.C. § 841(b)(1)(C), (D) (providing for enhanced maximum sentences if defendant committed violation after a prior

conviction for a felony drug offense); United States v. Snow, 949 F.3d 1094, 1096 (8th Cir. 2020) (challenge to enhanced statutory range raised for the first time on appeal is reviewed for plain error); United States v. Jeanpierre, 636 F.3d 416, 424 (8th Cir. 2011) (decision to seek enhanced statutory range lies within prosecutor's discretion and carries presumption of regularity).  Further, the district court did not err by ordering the forfeiture of Kessel's residence, as the record indicated that the house had been used to process and distribute drugs.  See United States v. Sheley, 998 F.3d 349, 351 (8th Cir. 2021) (legal conclusion of whether property is subject to forfeiture is reviewed de novo, factual findings are reviewed for clear error; property is subject to forfeiture if it was used in any manner to commit or facilitate drug related offenses).

Finally, the district court properly calculated Kessel's criminal history, and did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a), and did not err in weighing the relevant factors.  See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

Accordingly, we affirm.

_____