# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2522

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Leon Carpenter

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: April 12, 2024
Filed: June 10, 2024
[Unpublished]

——————————

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Jeffrey Carpenter pleaded guilty to one count of conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and two counts of distributing methamphetamine, § 841(a)(1), (b)(1). After overruling his objection to

a sentencing enhancement for maintaining a drug premises, the district court[1] imposed a bottom-of-the-Guidelines sentence of 360 months in prison. Carpenter appeals, challenging the enhancement and arguing that his sentence is substantively unreasonable.

The district court added two offense levels because Carpenter "maintained a premises for the purpose of manufacturing or distributing a controlled substance," "including storage of a controlled substance for the purpose of distribution." U.S.S.G. § 2D1.1(b)(12) & cmt. n.17. Carpenter argues that the district court clearly erred by finding that one of the "primary or principal uses" of his home was storing and distributing drugs. See § 2D1.1 cmt. n.17; United States v. Miller, 698 F.3d 699, 705 (8th Cir. 2012) (standard of review). We disagree. At sentencing, a detective testified that the methamphetamine purchased in two controlled buys came from Carpenter's home and that Carpenter had transported grocery bags of the drug from his home to a coconspirator. Plus, two coconspirators named Carpenter as their supplier. So the record supports the court's finding that a principal use of his home was storing drugs for later distribution. See United States v. Hernandez Lopez, 24 F.4th 1205, 1208 (8th Cir. 2022) (upholding enhancement where defendant stored drugs and prepared them for distribution in his basement); Miller, 698 F.3d at 707 (a family home is a drug premises when the defendant uses it "for the purpose of substantial drug-trafficking activities").

Carpenter also argues that his bottom-of-the-Guidelines sentence is substantively unreasonable because the district court did not appropriately consider the need to avoid unwarranted sentence disparities. See 18 U.S.C. § 3553(a)(6). We review a sentence's substantive reasonableness for abuse of discretion. United States v. John, 27 F.4th 644, 651 (8th Cir. 2022).

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

When a district court "correctly calculates and carefully reviews the Guidelines range," like here, it "necessarily gives significant weight and consideration to the need to avoid the unwarranted disparity that the Sentencing Commission sought to prevent through its setting of the Guidelines ranges." United States v. Bueno, 549 F.3d 1176, 1181 (8th Cir. 2008). And what matters are *un*warranted disparities. Because Carpenter had a "pretty alarming" history of "extreme violence," including domestic abuse and assaulting police officers, the district court properly found that there were "aggravating circumstances that were not adequately taken into account by a shorter term of imprisonment." See United States v. Lovato, 868 F.3d 681, 684 (8th Cir. 2017).

We affirm the district court's judgment.

_____