# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1753

_____

United States of America

*Plaintiff - Appellee*

v.

O'Shea Taelly Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 18, 2025
Filed: July 10, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

O'Shea Taelly Wright was involved in a fight outside a Waterloo nightclub. During the melee, he grabbed a gun from his SUV, fired multiple shots into the brawling bunch, and then fled the scene. Two people were shot, but apparently not by Wright. Police did not recover the gun.

Wright pleaded guilty to possession of ammunition by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He did not object to a four-level enhancement for using ammunition "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The Government also sought an upward departure for using a weapon "in the commission of the offense," U.S.S.G. § 5K2.6, but Wright objected in part because § 2K2.1(b)(6)(B) "already increased" his offense level.

At sentencing, the district court[1] found Wright's conduct "simply too dangerous" for a guideline range sentence and stated that the four-level increase for possessing a firearm in connection with another felony would have applied "whether or not Mr. Wright actually opened fire as he did." So needing "some additional sanction" for shooting into the crowd, the district court departed upward under § 5K2.6. Wright argues the § 2K2.1(b)(6)(B) enhancement "fully accounted" for shooting the gun because he would not have committed another felony offense under Iowa law had he not fired it. So, he says, the departure was based on an "incorrect premise."[2]

We disagree. For the § 2K2.1(b)(6)(B) enhancement, the district court found Wright committed the felonies of intimidation with a dangerous weapon, Iowa Code § 708.6, and of assault while using or displaying a dangerous weapon, Iowa Code §§ 708.1(2)(c), 708.2(3); see United States v. Holm, 745 F.3d 938, 941 (8th Cir. 2014) ("A crime designated as an aggravated misdemeanor under Iowa law falls within the Guidelines definition of felony offense."). Intimidation with a dangerous

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

[2]Wright says he "did not specifically address double counting in the district court," so there is confusion about whether we should review for abuse of discretion or for plain error. See United States v. Peeples, 879 F.3d 282, 287 (8th Cir. 2018); (abuse of discretion for upward departure); United States v. Lovato, 868 F.3d 681, 684 (8th Cir. 2017) (plain error for upward departure when defendant argues double counting for the first time on appeal). The district court did not err, so the standard does not matter.

weapon encompasses "threaten[ing] to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out." § 708.6; see also State v. Lane, 743 N.W.2d 178, 184 (Iowa 2007) (rejecting ineffective assistance of counsel claim for lawyer "failing to articulate grounds for acquittal" when defendant made threats inferring he would shoot people even without "specifically sa[ying] he was going to shoot [them]"). The district court did not err in finding the enhancement would have applied "whether or not" Wright fired. So departing upward under § 5K2.6 accounted for a "distinct harm[]" and was not in error. United States v. Peeples, 879 F.3d 282, 289 (8th Cir. 2018).

Affirmed.

_____