**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50109 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00596-BEN-2 |
| v. | |
| FLAVIO TAVERAS, AKA Shorty, AKA Flavio Taveras, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 15, 2024**
Pasadena, California

Before: GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

After pleading guilty to conspiring to ship cocaine under 21 U.S.C.

§§ 841(a)(1) and 846, Flavio Taveras appeals his sentence of 108 months in

custody and 20 years of supervised release, asserting five procedural errors. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

Because Taveras did not object during sentencing as to the issues raised on appeal, we review for plain error. *United States v. Campbell*, 937 F.3d 1254, 1256–57 (9th Cir. 2019). "Under plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009) (internal quotation marks omitted). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). A sentencing error affects a defendant's substantial rights "when there is a reasonable probability that he would have received a different sentence had the district court not erred. The defendant bears the burden of showing a reasonable probability that he would have received a different sentence absent the error." *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (citations omitted).

1.  Taveras's argument that the district court manipulated the Sentencing Guidelines fails. As in *United States v. Rosales-Gonzales*, the sentencing judge here

stated his tentative Guideline range "from the outset." 801 F.3d 1177, 1181 (9th Cir. 2015). He said that he did not "see anything in this case or in this plea agreement that warrants a four-level reduction under" § 5K2.0 of the Guidelines. The district court did not erroneously calculate the offense level, engage in recalculation, or grant an amended government departure recommendation to achieve its initial Guidelines range. *Cf. United States v. Lee*, 725 F.3d 1159, 1164 (9th Cir. 2013). Moreover, the district court reasonably concluded that the circumstances did not warrant a downward departure under § 5K2.0, because, as the court explained, Taveras has a history of absconding from supervised release.

2. The district court did not plainly err by stating that it was "willing to go along with" the government's § 5K1.1 recommendation. The government requested a four-level reduction under § 5K1.1, while Taveras requested a five-level reduction. The district court heard argument from both parties, and ultimately sided with the government. This procedure and outcome were not plainly erroneous. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053–54 (9th Cir. 2009) ("[A] sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply finds the circumstances insufficient to warrant a sentence lower than the Guidelines range." (cleaned up)); *see also United States v. Laney*, 189 F.3d 954, 964 (9th Cir. 1999). In addition, Taveras failed to demonstrate that the asserted error

affected his substantial rights, because he did not show "a reasonable probability that he would have received a different sentence absent the error." *Christensen*, 732 F.3d at 1102.

3. The district court did not plainly err by stating that the government "could have filed an" enhancement under 21 U.S.C. § 851 "in this case." Taveras has not identified any "on point" and "controlling" authority prohibiting district courts from considering prosecutors' charging decisions during sentencing. *De La Fuente*, 353 F.3d at 769; *see United States v. Fitch*, 659 F.3d 788, 795 (9th Cir. 2011) (holding that sentencing judges may consider uncharged conduct during sentencing). Further, Taveras has not demonstrated that the district court's single reference to the possibility of an enhancement charge affected his substantial rights. *Christensen*, 732 F.3d at 1102.

4. Taveras's argument that "the district court provided no explanation whatsoever" for the low-end custodial sentence and the above-Guidelines supervised release sentence lacks merit. The sentencing judge explained that he was "concerned about a couple things," including that (1) "Taveras committed this offense while he was on supervised release for another offense, another drug offense;" (2) Taveras "was also found to have used weapons;" (3) Taveras "was subsequently found to also have assault weapons;" and (4) that "the combination of drugs and guns" is "one of

4

the most dangerous things." The district court's explanation was longer and more detailed than the explanations in *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007) (explaining that the defendant "violat[ed] every aspect of what is intended to be accomplished by supervised release" and had "not complied in any sense of the word with the obligations of supervised release") and *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir. 2000) (noting that the defendant was "a danger to the community"), both of which resulted in above-Guidelines sentences. Accordingly, the district court did not plainly err.

5. A district court may not "impose a sentence to run consecutively to another federal sentence that has yet to be imposed." *United States v. Montes-Ruiz*, 745 F.3d 1286, 1293 (9th Cir. 2014). Here, the district court imposed a sentence that was to run "consecutive to any sentence that *may be imposed* as a result of a violation of supervised release" in the Southern District of New York, No. 1:91-CR-00147. On its face, the sentence ran afoul of *Montes-Ruiz*. The government argues that the sentence imposed did not actually run consecutively to a future federal sentence, because the New York federal sentence had already terminated by the time the district court here imposed its sentence. Although this may be the case, based on our review of the record, the possibility remains that the sentence imposed in the Southern District of New York had terminated after the instant sentence was imposed, so we

choose to err on the side of caution. Accordingly, we vacate the sentence and remand

to the district court for resentencing consistent with *Montes-Ruiz* and this disposition.

**SENTENCE VACATED; REMANDED FOR RESENTENCING**.